UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
NAVISION SHIPPING COMPANY A/S,

                Plaintiff,              07 Civ. 9517 (DC)

  - against -                          ECF CASE

YONG HE SHIPPING (HK) LTD., PROSPER
SHIPPING LIMITED, JIANGSU FING AGENCY LTD.,
and JIANGSU FAREAST INTERNATIONAL
SHIPPING AGENCY LTD.,

                Defendants.
-----------------------------------------------------------X

[Stamp: NOV 13 2007 U.S.D.C. S.D.N.Y. CASHIERS]

## AMENDED VERIFIED COMPLAINT

Plaintiff, NAVISION SHIPPING COMPANY A/S ("Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Amended Verified Complaint against the Defendants, YONG HE SHIPPING (HK) LTD. ("Yong He"), PROSPER SHIPPING LIMITED ("Prosper"), JIANGSU FING AGENCY LTD. ("Jiangsu Fing"), and JIANGSU FAREAST INTERNATIONAL SHIPPING AGENCY LTD. ("Jiangsu"), (collectively referred to as "Defendants"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. Jurisdiction over this matter is also present pursuant to the Federal Arbitration Act, 9 United States Code § 1 *et seq.*, and this Court's federal question jurisdiction, 28 United States Code § 1331.

2. At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity organized and existing under foreign law.

3. Upon information and belief, Defendants were, and still are, foreign corporations, or other business entities organized and existing under foreign law.



4. At all material times, Plaintiff was the disponent Owner of the motor vessel "BRAVE JOHN" (hereinafter the "Vessel").

5. By a charter party dated July 7, 2007, Plaintiff chartered the Vessel to Yong He for the carriage of cargo. *See charter party annexed hereto as Exhibit "1."*

6. The charter party provides that hire is due in advance.

7. During the course of the charter, disputes arose between the parties regarding Yong He's failure to pay hire due and owing under the charter party. *See breakdown of outstanding hire annexed hereto as Exhibit "2."*

8. As a result of Yong He's breach of the charter party, Plaintiff has sustained damages in the principal amount of $1,676,310.42, exclusive of interest, arbitration costs and attorneys fees.

9. Pursuant to the charter party, all disputes arising thereunder are to be submitted to arbitration in London with English Law to apply.

10. Despite due demand, Yong He has failed and/or refused to pay the sums due and owing to Plaintiff.

11. Thus, Plaintiff is preparing to commence arbitration proceedings on its claims.

12. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in proceedings subject to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts in the Final Arbitration Award(s):

| | | |
|---|---|---|
| A. | Principal claim: | $1,676,310.42 |
| B. | Interest on claims: 3 years at 6%, compounded quarterly | $327,916.78 |
| C. | Estimated attorneys' fees and expenses: | $200,000.00 |
| D. | Estimated arbitration costs: | $50,000.00 |

2

| | |
|---|---:|
| **Total** | $2,254,227.20 |

13. Upon information and belief, Yong He uses Defendants Prosper, Jiangsu Fing and Jiangsu as "paying/receiving agents" or "pass through" entities such that it can insulate itself from creditors relating to its contracts.

14. It is not general practice in the maritime community, nor anywhere else, for independent companies to make or receive large payments on behalf of other independent companies.

15. Payments sent or received on behalf of another independent company are suggestive of a relationship that is not "arms length."

16. Upon information and belief, Defendants Prosper, Jiangsu Fing and Jiangsu make payments on Yong He's behalf where they have absolutely no contractual obligation to Yong He's creditors.

17. Upon information and belief, Defendants Prosper, Jiangsu Fing and Jiangsu made hire payments with reference to the above charter on Yong He's behalf.

18. In addition, upon information and belief Defendant Prosper has made hire payments under other charter parties on Yong He's behalf. *See Verified Complaint in Industrial Carriers Inc. v. Yong He Shipping (HK) Ltd. and Prosper Shipping Limited (Docket # 07 Civ. 9706), annexed hereto as Exhibit '3."*

19. In the alternative, Defendants Prosper, Jiangsu Fing and Jiangsu are agents of Defendant Yong He, such that Defendants Prosper, Jiangsu Fing and Jiangsu are now, or will soon be, holding assets belonging to Yong He, or vice versa.

20. In the further alternative, Defendants are partners and/or joint venturers.

21. In the further alternative, Defendants are affiliated companies such that Defendants Prosper, Jiangsu Fing and Jiangsu and are now, or will soon be, holding assets belonging to Yong He, or vice versa.

22. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendants.

23. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendants held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendant(s), and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Amended Verified Complaint;

B. That the Court retain jurisdiction to compel the Defendants to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

C. That since the Defendants cannot be found within this District pursuant to

4

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendants, in the amount $2,254,227.20 calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Amended Complaint;

D.     That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court

E.     That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

F.     That this Court award Plaintiff its attorney's fees and costs of this action; and

G.     That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: November 13, 2007
       New York, NY

                              The Plaintiff,
                              NAVISION SHIPPING COMPANY A/S

                              By: *Nancy*
                              Nancy R. Peterson (NP 2871)
                              Patrick F. Lennon (PL 2162)
                              LENNON, MURPHY & LENNON, LLC
                              420 Lexington Ave., Suite 300

New York, NY 10170
(212) 490-6050 – phone
(212) 490-6070 – fax
nrp@lenmur.com
pfl@lenmur.com

## ATTORNEY'S VERIFICATION

State of New York    )
                     )   ss.:   City of New York
County of New York   )

1. My name is Nancy R. Peterson.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Amended Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    November 13, 2007
          New York, NY

_____
Nancy R. Peterson

EXHIBIT "1"

```
070712-5619                                                                User: CE
```

To: NAVISION CHARTERING A/S <chartering@navisiongroup.com>
From: GFI BROKERS LONDON <drycargo@gfigroup.co.uk>
Subject: [CB] brave john/yhs cp dated 12.7.2007
    Date: 12-07-2007 12:17:08    (printed 28-09-2007 12:12:34)
TO..: "NAVISION CHARTERING A/S"
FROM: GFI Group
DATE: 12-JUL-2007 11:16
MSG.: 989232

peter / dan

very plsd to confirm having fixed clean asf cp dated 12 july 07:

m.v. brave john ex prabhu jivesh (ex spring eagle)
self trimming bulk carrier
malta flag built dec 1983-japan
kurushima dockyard no:3010
port of registry:valletta
classed abs (abs al bc-ams-acou), ism certified
39230 dwat on 11.20 mtrs draft
winter: 38155mt on 10.98mtrs
tropical: 40270mt on 11.42mtrs
tpc loaded: 45.87 / tpi:116.5 / light : 41.79
call sign 9 h n r 7 -  inmarsat c: 421540410 brav
e-mail: 421540410@stratosmobile.net
phone: 763616645 / fax:763616647
official class register no:83142421
imo: 8307076
loa/beam  188/28 mtrs
depth moulded: 15.4m
grt/nrt  22009/12589
suez grt/nrt  22779.88/19915.85
panama grt/nrt  23703.05/18106.73
grain/bale  47588.89/45961.76 cu.mtrs
holdwise grain/bale capa
no1  : 8,359.34 / 7,971.60
no2  : 9,846.08 / 9,578.87
no3  :10,238.34 / 9,895.64
no4  : 9,844.73 / 9,533.50
no5  : 9,300.40 / 8,982.15
ttl  :47,588.89 /45,961.76

ho/ha              5/5 forward of bridge
hatch covers    folding type hydraulically operated
hatch sizes        #1 to 5 19.2 x 14.04 mtrs
                   #3 floodable

ows cnfm vsls h.cvr not side opening n not side rolling
t/top clear of hoppers dimensions
    nr.1 : length  28.50 mtrs inner bulkhead corrugation
           breadth fwd 6.90 mtrs aft 18.40 mtrs
    nr.2/3/4  length  28.50 mtrs inner bulkhead corrugation
           breadth 18.40 mtrs
    nr. 5 : length  28.50 mtrs inner bulkhead corrugation
           breadth fwd 18.40 mtrs aft 9.75 mtrs

height tt to main deck 13.80 mtrs tt to hacover 14.40 mtrs
distance waterline to top hatchcovers in light ballast:abt 11m
distance waterline to top hatchcovers in heavy ballast:abt 10.6m

cranes           4 of 25 tons

vsl strengthened for heavy cargoes #2/4 may be empty
strength of ttp/deck/h cover
tt str.nr1-19.2 nr2-13.3 nr3-25.4 nr4-13.3 nr5-19.2 mt/mtr2

```
deck 3.0mt/mtr2

constants: 300 mts excl fw
daily fresh water consuption:8mt
fresh water capacity: 180mt
max const incl fw: 400mt
tank capacity ifo: 1400mt . mdo:120mt

speed abt 12.50k on abt 24 mt ifo (180 cst) + 2.0 mt mdo at sea
when idle abt  1.5 mt mdo /when gear working abt 2.8 mt mdo.
speed/cons described in fair weather unexceeding beaufort scale 3.
speed/cons described from seabuoy to seabuoy and vsl consumes mdo for
navigating in channels and enclosed waters.

master's nationality: Greek
officers and crew nationality:philippinoes.

p&iclub: west of england
h&m value: usd 10mil
h&m insurer: london +italian market via cambiaso risso of genova.

last s.survey date:sept 2003 at china - chengxi shipyard
last dd: may 2006  at piraeus

-australia hold ladders fitted
-itf: bona fide
-vsl is under present management: since 11/04/2003

owners:orestels shipping ltd, malta
managers: p+p shipping co (hellas) s.a.
          7, platonos street  - piraeus 185 35
          greece
          tel:+30210-4224112/5 fax:+30210-4224119 tlx:211732 papa gr
          e-mail:papanhos@otenet.gr
- all details about

FOR

- A/C YONG HE SHIPPING(HK) LTD

- DELY DLOSP ,ZHANJIANG, CHINA ATDNSHINC

- LYCN 21/29 JULY (0001/2400 HRS LT) 2007

- FOR 1 TCT WITH INT STEELS AND GENERALS LAWFULL AND HARMLESS,
  WITH DECK OPTION, VIA SPS SAS SBS AA AWIWL

- estimated duration for cp purposes abt 60 days wog

- redely on dlosp full med as per ows btb cp atdnshinc, port in chopt

- HIRE USD 34500 DIOT FIRST 50 DAYS AND USD 35500 THEREAFTER

- 1st hire plus bod to be paid on dely
  2nd hire to be 45 days and to be paid 15 dys after dely
  3rd hire upto expected redely incl bunker adjustment
  any subsequent hire(s) to be paid in advance as/if becomes due

- vessel to deliver with bunkers remaining on board estimated to be
  abt 500-600 mts ifo and abt 50-60 mts mdo. vessel to be redel with
  abt 500 mts ifo and abt 50 mts mdo. prices bends usd 340 pmt ifo
  and abt usd 625 pmt mdo.

- ILOHC/CVE AS PER B2B CP

- CARGO/TRADING EXCL AS PER B2B CP
```

- owise as per ows btb cp logically amended

- 5ttl owners

END

thanks vm fixture

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This email and any files transmitted with it are confidential and
intended solely for the use of the individual or entity to whom they
are addressed. If you have received this email in error please notify
the system manager.

Communications sent from our London offices are, unless stated otherwise, sent on behalf of
GFI Holdings Limited, a limited company registered in England and Wales with registered
office located at 1 Snowden Street, London EC2A 2DQ and registered number 03405222

This footnote also confirms that this email message has been swept by
MIMEsweeper for the presence of computer viruses.

www.mimesweeper.com
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This email has been scanned by the MessageLabs Email Security System.
For more information please visit http://www.messagelabs.com/email

# EXHIBIT "2"

Navision Shipping Company A/S
c/o Navision Chartering A/S
Strandvejen 102 E * DK-2900 Hellerup * Denmark

**N**

Navision Shipping
Company A/S

Yong He Shipping (HK) Ltd.
c/o GFI Brokers Ltd
1 Snowden Street
Broadgate West
London, UK-E1 6DB
United Kingdom

23 October 2007

# Hire Statement Recap

m.v. Brave John - C/P 12 July 2007 - F000256 C103

| | | | | |
|---|---|---|---|---|
| Date of delivery: | 23-07-07 18:30 UTC | | | |
| Date of redelivery: | UTC | | | |
| Total days on hire: | 0.000000 | | | |
| Bunkerquantities mt: | IFO | MDO | MGO | |
| Delivery: | 467.00 | 46.50 | 0.00 | |
| Redelivery: | 0.00 | 0.00 | 0.00 | |
| Bunkerprices USD: | | | | |
| Delivery: | 340.00 | 625.00 | 0.00 | |
| Redelivery: | 340.00 | 625.00 | 0.00 | |

|  | USD |
|---|---|
| **T/C Hire:** | |
| 23/07 18:30 hrs - 11/09 18:30 hrs UTC    50 days at USD 34,500.00 | 1,725,000.00 |
| 11/09 18:30 hrs - 09/11 18:30 hrs UTC    59 days at USD 35,500.00 | 2,094,500.00 |
| **Commissions deducted**    3.75% | (143,231.25) |
| **Bunkers on delivery** | |
| IFO 467 mts at USD 340 | 158,780.00 |
| MDO 46.5 mts at USD 625 | 29,062.50 |
| Communication/Entertainment/Victualling USD 1,290 per 30 days | 4,541.67 |
| **Payments:** | |
| Payment 1 - 1st hire | (618,561.25) |
| Payment 2a - 10 AUG "430,000 USD" | (430,000.00) |
| Payment 2b - 10 AUG "30,000 USD" | (30,000.00) |
| Payment 3 - 16 AUG "330,000 BEING PART OF 1,045,000" | (315,781.25) |

| | |
|---|---:|
| Payment 4 - 20 AUG "330,000 BEING PART OF 1,045,000" | (330,000.00) |
| Payment 5 - 29 AUG "400,000.00 BEING PART OF STM 2" | (400,000.00) |
| **Balance in Owners favour** | ,676,310.42 |

EXHIBIT "3"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
INDUSTRIAL CARRIERS INC.,

      Plaintiff,

- against -

YONG HE SHIPPING (HK) LTD. and PROSPER
SHIPPING LIMITED,

      Defendants.
---------------------------------------------------------X

JUDGE CROTTY
07 CIV 9706
-- CV --
ECF CASE

RECEIVED
NOV 0 1 2007
U.S.D.C. S.D.N.Y.
CASHIERS

### VERIFIED COMPLAINT

Plaintiffs, INDUSTRIAL CARRIERS INC. ("ICI"), by and through its attorneys, Tisdale Law Offices, LLC for its Verified Complaint against the Defendants, YONG HE SHIPPING (HK) LTD. ("YONG HE") and PROSPER SHIPPING LTD. ("PROSPER"), (collectively "Defendants") alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all times material to this action, Plaintiff ICI was, and still is, a foreign company or other business entity organized under and existing by virtue of foreign law with a principal place of business in the Marshall Islands.

3. Upon information and belief, Defendant Yong He was a foreign corporation or other business entity organized under and existing by virtue of foreign law with a principal place of business in Hong Kong and was the Owner of the Vessel VARIOS IPIROS HELLAS ("Vessel")

4. Upon information and belief, Defendant Prosper was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law with a principal place of business in Hong Kong and was the paying agent who made all charter hire payments on behalf of Yong He, pursuant to a Charter Party identified below.

Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Societe Generale and/or Barclays Bank which are believed to be due and owing to the Defendants.

11. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendants held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendants, and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee, including, but not limited to, ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Barclays Bank, and/or Societe Generale, which are due and owing to the Defendants, in the amount of $834,283.40 calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                      )  ss.:  Town of Southport
County of Fairfield   )

1. My name is Claurisse Campanale-Orozco.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Tisdale Law Offices LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   Southport, Connecticut
         November 1, 2007

/s/ Claurisse Campanale-Orozco
Claurisse Campanale-Orozco

5