UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

NAVISION SHIPPING COMPANY A/S,

                     Plaintiff,

    - against -

YONG HE SHIPPING (HK) LTD., PROSPER
SHIPPING LIMITED, JIANGSU FING AGENCY LTD.,
JIANGSU FAREAST INTERNATIONAL SHIPPING
AGENCY LTD., THE OLD EASTERN
MEDITERRANEAN CO SA, CHINA MARINE
SHIPPING AGENCY TIANJIN COMPANY LTD.,
LIANYUNGANG FAREAST INTERNATIONAL
SHIPPING AGENCY CO. LTD., and SHANGHAI
FAREAST INTERNATIONAL SHIPPING AGENCY
CO. LTD. a/k/a FEISA,

                     Defendants.
------------------------------------------------------------------X

07 Civ. 9517 (DC)

ECF CASE



## SECOND AMENDED VERIFIED COMPLAINT

Plaintiff, NAVISION SHIPPING COMPANY A/S ("Plaintiff"), by and through its

attorneys, Lennon, Murphy & Lennon, LLC, as and for its Second Amended Verified Complaint

against the Defendants, YONG HE SHIPPING (HK) LTD. ("Yong He"), PROSPER SHIPPING

LIMITED ("Prosper"), JIANGSU FING AGENCY LTD. ("Jiangsu Fing"), and JIANGSU

FAREAST INTERNATIONAL SHIPPING AGENCY LTD. ("Jiangsu"), THE OLD EASTERN

MEDITERRANEAN CO SA ("OEM"), CHINA MARINE SHIPPING AGENCY TIANJIN

COMPANY LTD. ("China Marine"), LIANYUNGANG FAREAST INTERNATIONAL

SHIPPING AGENCY CO. LTD. ("Lianyungang"), and SHANGHAI FAREAST

INTERNATIONAL SHIPPING AGENCY CO. LTD. a/k/a FEISA ("Shanghai Fareast")

(collectively referred to as "Defendants"), alleges, upon information and belief, as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the



Federal Rules of Civil Procedure and 28 United States Code § 1333. Jurisdiction over this matter is also present pursuant to the Federal Arbitration Act, 9 United States Code § 1 et seq., and this Court's federal question jurisdiction, 28 United States Code § 1331.

2.    At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity organized and existing under foreign law.

3.    Upon information and belief, Defendants were, and still are, foreign corporations, or other business entities organized and existing under foreign law.

## FIRST CAUSE OF ACTION

4.    Paragraphs One through Three are hereby incorporated as Paragraphs Four through Six and made part hereof as if fully set forth at length herein.

7.    At all material times, Plaintiff was the disponent Owner of the motor vessel "BRAVE JOHN" (hereinafter the "Vessel").

8.    By a charter party dated July 7, 2007, Plaintiff chartered the Vessel to Yong He for the carriage of cargo. *See charter party annexed hereto as Exhibit "1."*

9.    The charter party provides that hire is due in advance.

10.    During the course of the charter, disputes arose between the parties regarding Yong He's failure to pay hire due and owing under the charter party. *See breakdown of outstanding hire annexed hereto as Exhibit "2."*

11.    As a result of Yong He's breach of the charter party, Plaintiff has sustained damages in the principal amount of $2,844,357.18, exclusive of interest, arbitration costs and attorneys fees.

12.    Pursuant to the charter party, all disputes arising thereunder are to be submitted to arbitration in London with English Law to apply.

2

13.    Despite due demand, Yong He has failed and/or refused to pay the sums due and owing to Plaintiff.

14.    Thus, Plaintiff is preparing to commence arbitration proceedings on its claims

15.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party in proceedings subject to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts in the Final Arbitration Award(s):

| | | |
|---|---|---|
| A. | Principal claim: | $2,044,357.18 |
| B. | Interest on claims:<br>3 years at 6%, compounded quarterly | $399,913.4 |
| C. | Estimated attorneys' fees and expenses: | $200,000.0 |
| D. | Estimated arbitration costs: | 50,000.00 |
| Total | | 2,694,270.99 |

16.    Upon information and belief, Yong He uses Defendants Prosper, Jiangsu Fing and Jiangsu as "paying/receiving agents" or "pass through" entities such that it can insulate itself from creditors relating to its contracts.

17.    It is not general practice in the maritime community, nor anywhere else, for independent companies to make or receive large payments on behalf of other independent companies.

18.    Payments sent or received on behalf of another independent company are suggestive of a relationship that is not "arms length."

19.    Upon information and belief, Defendants Prosper, Jiangsu Fing and Jiangsu make payments on Yong He's behalf where they have absolutely no contractual obligation to Yong He's creditors.

20.    Upon information and belief, Defendants Prosper, Jiangsu Fing and Jiangsu made hire payments with reference to the above charter on Yong He's behalf.

21.    In addition, upon information and belief Defendant Prosper has made hire payments under other charter parties on Yong He's behalf. *See Verified Complaint in Industrial Carriers Inc. v. Yong He Shipping (HK) Ltd. and Prosper Shipping Limited (Docket # 07 Civ. 9706), annexed hereto as Exhibit "3."*

22.    In the alternative, Defendants Prosper, Jiangsu Fing and Jiangsu are agents of Defendant Yong He, such that Defendants Prosper, Jiangsu Fing and Jiangsu are now, or will soon be, holding assets belonging to Yong He, or vice versa.

23.    In the further alternative, Defendants are partners and/or joint venturers.

24.    In the further alternative, Defendants are affiliated companies such that Defendants Prosper, Jiangsu Fing and Jiangsu and are now, or will soon be, holding assets belonging to Yong He, or vice versa.

## SECOND CAUSE OF ACTION

25.    Paragraphs One through Three are hereby incorporated as Paragraphs Twenty Five through Twenty Seven and made part hereof as if fully set forth at length herein.

28.    By a charter party dated July 7, 2007, Plaintiff chartered the Vessel to Yong He for the carriage of cargo.

29.    During the course of the voyage, Defendant OEM wrongfully and unlawfully authorized various shipping agents to issue and release pre-dated, clean on board bills of lading and provided the same with freight pre-paid wordings.

30.    As a result of OEM's unlawful authorization, Plaintiff has suffered losses in the principle amount of $2,044,357.18, exclusive of interest, costs and attorneys fees.

31.    Despite due demand, CEM has failed and/or refused to pay the sums due and owing to Plaintiff.

32.    Thus, in due course, Plaintiff will commence proceedings against CEM in an appropriate forum to recover those amounts due under its claim.

33.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party in such proceedings. As best as can now be estimated, Plaintiff expects to recover the following amounts in the Final Arbitration Award(s) and/or Judgment:

| | | | |
|---|---|---|---|
| A. | Principal claim: | | $2,044,357.18 |
| B. | Interest on claims: Three years at 6%, compounded quarterly | | $399,913.41 |
| C. | Estimated attorneys' fees and expenses: | | $200,000.00 |
| D. | Estimated arbitration costs: | | $50,000.00 |
| Total | | | $2,694,270.59 |

## THIRD CAUSE OF ACTION

34.    Paragraphs One through Three are hereby incorporated as Paragraphs Thirty Four through Thirty Six and made part hereof as if fully set forth at length herein.

37.    By a charter party dated July 7, 2007, Plaintiff chartered the Vessel "Yong H:" for the carriage of cargo.

38.    Defendant China Marine wrongfully and unlawfully issued and released pre-dated, clean on board bills of lading and also provided the same with the wording "freight pre-paid" which was clearly inconsistent with the master's authorization to sign the bills of lading.

35.    As a result of China Marine unlawful authorization of the bills of lading, Plaintiff has suffered losses in the principle amount of $2,044,357.18, exclusive of interest, costs and attorneys fees.

40.    Despite due demand, China Marine has failed and/or refused to pay the sums due and owing to Plaintiff.

41.    Thus, in due course, Plaintiff will commence proceedings against Defendant in an appropriate venue to recover those amounts due under its claim.

42.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party in such proceedings. As best as can now be estimated, Plaintiff expects to recover the following amounts in the Final Arbitration Award(s) and/or Judgment:

| | | |
|---|---|---|
| A. | Principal claim: | 2,044,357.18 |
| B. | Interest on claims:<br>Three years at 6%, compounded quarterly | 399,913.41 |
| C. | Estimated attorneys' fees and expenses: | 200,000.00 |
| D. | Estimated arbitration costs: | 50,000.00 |
| Total | | 2,694,270.59 |

## FOURTH CAUSE OF ACTION

43.    Paragraphs One through Three are hereby incorporated as Paragraphs Forty Three through Forty Five and made part hereof as if fully set forth at length herein.

45.    By a charter party dated July 7, 2007, Plaintiff chartered the Vessel to Yong He for the carriage of cargo.

47.    Lianyungang wrongfully and unlawfully issued and released pre-dated, clean on board bills of lading, and also provided the same with the wording "freight prepaid" which was clearly inconsistent with the master's authorization to sign the bills of lading.

48.    As a result of Lianyungang's unlawful authorization of the bills of lading, Plaintiff has suffered losses in the principle amount of $2,044,357.18, exclusive of interest, costs and attorneys fees.

6

49.    Despite due demand, Lianyungang has failed and/or refused to pay the sums due and owing to Plaintiff.

50.    Thus, in due course, Plaintiff will commence proceedings against Lianyungang in an appropriate venue to recover those amounts due under its claim.

51.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party in such proceedings. As best as can now be estimated, Plaintiff expects to recover the following amounts in the Final Arbitration Award(s) and/or Judgment:

| | | |
|---|---|---|
| A. | Principal claim: | 2,044,357.18 |
| B. | Interest on claims: Three years at 6%, compounded quarterly | 399,913.41 |
| C. | Estimated attorneys' fees and expenses: | 200,000.00 |
| D. | Estimated arbitration costs: | 50,000.00 |
| Total | | 2,694,270.59 |

## FIFTH CAUSE OF ACTION

52.    Paragraphs One through Three are hereby incorporated as Paragraphs Fifty Two through Fifty Four and made part hereof as if fully set forth at length herein.

55.    By a charter party dated July 7, 2007, Plaintiff chartered the Vessel Yong He for the carriage of cargo.

56.    Shanghai Fareast wrongfully and unlawfully issued and released pre-dated, clean on board bills of lading, and also provided the same with the wording "freight prepaid" which was clearly inconsistent with the master's authorization to sign the bills of lading.

57.    As a result of Shanghai Fareast's unlawful authorization of the bills of lading, Plaintiff has suffered losses in the principle amount of $2,044,357.18, exclusive of interest, costs and attorneys fees.

58.    Despite due demand, Lianyungang has failed and/or refused to pay the sums due and owing to Plaintiff.

59.    Thus, in due course, Plaintiff will commence proceedings against Lianyungang in an appropriate venue to recover those amounts due under its claim.

60.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party in such proceedings. As best as can now be estimated, Plaintiff expects to recover the following amounts in the Final Arbitration Award(s) and/or Judgment:

| | | |
|---|---|---|
| A. | Principal claim: | $2,044,357.18 |
| B. | Interest on claims:<br>Three years at 6%, compounded quarterly | $399,913.41 |
| C. | Estimated attorneys' fees and expenses: | $200,000.00 |
| D. | Estimated arbitration costs: | $50,000.00 |
| Total | | $2,694,270.59 |

## PRAYER FOR RELIEF FOR ALL CAUSES OF ACTION

61.    The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendants.

62.    The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendants held by

8

the aforesaid garnishes for the purpose of obtaining personal jurisdiction over the Defendant(s), and to secure the Plaintiff's claims as described above.

WHEREFORE, Plaintiff prays:

A.    That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Second Amended Verified Complaint;

B.    That the Court retain jurisdiction to compel the Defendants to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 et seq.;

C.    That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendants, in the amount $2,694,278.59 calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Second Amended Complaint;

D.    That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court

E.    That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

F.    In the alternative, that this Court enter judgment against the Defendant(s) in the amount of $2,694,278.59 plus the costs and reasonable attorneys' fees incurred in the prosecution of this action;

G.    That this Court award Plaintiff its attorney's fees and costs of this action; and

H.    That the Plaintiff have such other, further and different relief as this Court may deem just and proper.

Dated: December 17, 2007
New York, NY

The Plaintiff,
NAVISION SHIPPING COMPANY A/S

By: _____
Nancy R. Peterson (NP 2871)
Patrick F. Lennon (PL 2162)
LENNON, MURPHY & LENNON, LLC
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050 – phone
(212) 490-6070 – fax
nrp@lenmur.com
pfl@lenmur.com

10

## ATTORNEY'S VERIFICATION

State of Connecticut )

County of Fairfield )  ss.:   Town of Southport

1.    My name is Nancy R. Peterson

2.    I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3.    I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4.    I have read the foregoing Second Amended Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5.    The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6.    The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7.    I am authorized to make this Verification on behalf of the Plaintiff.

Dated:       December 17, 2007
            New York, NY

                                    _____
                                    Nancy R. Peterson

11

EXHIBIT "1"

070712-5619

To: NAVISION CHARTERING A/S <chartering@navisiongroup.com>
From: GFI BROKERS LONDON <drycargo@gfigroup.co.uk>
Subject: [GB] brave john/yhs cp dated 12.7.2007
Date: 12-07-2007 12:17:08    (printed 28-09-2007 12:12:34)
O..: "NAVISION CHARTERING A/S"
ROM: GFI Group
ATE: 12-JUL-2007 11:16
SG.: 989232


ater / dan


ary plsd to confirm having fixed clean asf cp dated 12 july 07:


.v. brave john ex prabhu jivesh (ex spring aagle)
alf trimming bulk carrier
alta flag built dec 1993-japan
irushima dockyard no:3010
ort of registry:valletta
assed abs (abs al hc-ams-accu), ism certified
'230 dwat on 11.20 mtrs draft
  nter: 38155mt on 10.98mtrs
  opical: 40270mt on 11.42mtrs
  c loaded: 45.87 / tpi:116.5 / light : 41.79
  ll sign 9 h o r 7 - inmarsat c: 421560410 brav
  mail: 421540410@stratosmobile.net
1 one: 763616645 / fax:763616647
  ficial class register no:83142421
: o: 8307076
1 a/beam 188/28 mtrs
  pth moulded: 15.4m
  g t/art 22009/12589
  ez grt/nrt 22779.89/19915.85
  nama grt/nrt 23703.05/19106.73
  kin/bale 47588.89/45951.76 cu.mtrs
  idwise grain/bale capa
  t  : 8,359.34 / 7,971.80
  2  : 9,846.08 / 9,578.87
  3  :10,238.34 / 9,895.64
  4  : 9,844.73 / 9,533.50
  5  : 9,300.40 / 8,382.15
  .  :47,588.89 /45,961.76

h ha          5/5 forward of bridge
h ch covers   folding type hydraulically operated
h ch sizes    #1 to 5 19.2 x 14.04 mtrs
              #3 floodable

  cnfm vsls h.cvr not side opening n not side rolling
t. op clear of hoppers dimensions
    nr.1 : length 28.50 mtrs inner bulkhead corrugation
             breadth fwd 6.90 mtrs aft 18.40 mtrs
    nr.2/3/4 length 28.50 mtrs inner bulkhead corrugation
             breadth 18.40 mrs
    nr. 5 : length .28.50 mtrs inner bulkhead corrugation
             breadth fwd 18.40 mtrs aft 9.75 mtrs

h ght tt to main deck 13.80 mtrs tt to hacover 14.40 mtrs
di tance waterline to top hatchcovers in light ballast:abt 11m
di tance waterline to top hatchcovers in heavy ballast:abt 10.6m

cr nes       4 of 25 tons

vs strengthened for heavy cargoes #2/4 may be empty
st ngth of ttp/deck/h cover
tt tr.nr1-19.2 nr2-13.3 nr3-25.4 nr4-13.3 nr5-19.2 mt/mtr2

deck 3.0mt/mtr2

constants: 300 mts excl fw
daily fresh water consuption: 8mt
fresh water capacity: 180mt
max const incl fw: 400mt
tank capacity ifo: 1400mt . mdo:120mt

speed abt 12.50k on abt 24 mt ifo (180 cst) + 2.0 mt mdo at sea
when idle abt . 1.5 mt mdo /when gear working abt 2.8 mt mdo.
speed/cons described in fair weather unexceeding beaufort scale 3.
speed/cons described from seabuoy to seabuoy and vsl consumes mdo for
navigating in channels and enclosed waters.

master's nationality: Greek
fficers and crew nationality:philippinoes.

ticlub: west of angland
um value: usd 10mil
um insurer: london +italian market via cambiaso risso of genova.

ast s..survey date:sept 2003 at china - chengxi shipyard
1st dd: may 2006  at piraeus

australia hold ladders fitted
.tf: bona fide  .
val is under present management: since 11/04/2003

mers:oresteia shipping ltd, malta
inagers: p+p shipping co (hellas) s.a.
                7, platonos street - piraeus 185 35
                greece
                tel:+30210-4224112/5 fax:+30210-4224119 tlx:211732 papa gr
                e-mail:papanhes@otenet.gr
- all details abcut

1 R

- A/C YONG HE SHIPPING(HK) LTD

- DELY DLOSP ,ZHANJIANG, CHINA ATDNSEINC

- LYCN 21/29 JULY (0001/2400 ARS LT) 2007

- FOR 1 TCT WITH INT STEELS AND GENERALS ,LAWFULL AND HARMLESS,
  WITH DECK OPTION, VIA SPS SAS SSS AA ANIWL

- estimated duration for cp purposes abt 60 days wog

- redely on dlosp full med as per owe btb cp atdnshinc, port in chopt

- HIRE USD 34500 DIOT FIRST 50 DAYS AND USD 35500 THEREAFTER

- 1st hire plus bod to be paid on dely
  2nd hire to be 45 days and to be paid 15 dys after dely
  3rd hire upto expected redely incl bunker adjustment
  any subsequent hire(s) to be paid in advance as/if becomes due

- vessel to deliver with bunkers remaining on board estimated to be
  abt 900-600 mts ifo and abt 50-60 mts mdo. vessel to be redel with
  abt 500 mts ifo and abt 50 mts mdo. prices bends usd 340 pmt ifo
  and abt usd 625 pmt mdo.

- ILOHC/CVE AS PER B2B CP

- CARGO/TRADING EXCL AS PER B2B CP

[070712-5819] Page 2 of 3

owise as per ows btb cp logically amended

5ttl owners

ND

hanks vm fixture


****************************************************************
his email and any files transmitted with it are confidential and
atended solely for the use of the individual or entity to whom they
re addressed. If you have received this email in error please notify
te system manager.

mmunications sent from our London offices are, unless stated otherwise, sent on
thalf of
'I Holdings Limited, a limited company registered in England and Wales with
egistered
fice located at 1 Snowden Street, London EC2A 2DQ and registered number 03405222

us footnote also confirms that this email message has been swept by
MBsweeper for the presence of computer viruses.

w.mimesweeper.com
****************************************************************


is email has been scanned by the MessageLabs Email Security System.
r more information please visit http://www.messagelabs.com/email

EXHIBIT "2"

EXHIBIT "2"

Nasdaton Shipping Company A/S
c/o Navision Chartering A/S
Strandvejen 102 E • DK-2900 Hellerup • Denmark



Navision Shipping
Company A/S

25 November 2007

Yong Ho Shipping (HK) Ltd.
c/o GFI Brokers Ltd
1 Snowden Street
Broadgate West
London, UK-E1 6DB
United Kingdom

## Hire Statement Recap

m.v. Brave John - C/P  12 July 2007 - F060256 C163

| | | | |
|---|---|---|---|
| Date of delivery: | 23-07-07 18:30 UTC | | |
| Date of redelivery: | 26-11-07 11:10 UTC | | |
| | | | |
| Total days on hire: | 126.694444 | | |

| Bunkers quantities mts | IFO | MDO | MGO |
|---|---|---|---|
| Delivery: | 467.00 | 46.50 | 0.00 |
| Redelivery: | 525.46 | 45.44 | 0.00 |

| Bunkers prices USD: | | | |
|---|---|---|---|
| Delivery: | 340.00 | 626.10 | 0.00 |
| Redelivery: | 340.00 | 625.00 | 0.00 |

### T/C Hire:                                                                 USD

| | | |
|---|---|---|
| 23/07 18:30 hrs - 11/09 18:30 hrs UTC | 50 days at USD 34,500.00 | 1,725,000.00 |
| 11/09 18:30 hrs - 26/11 11:10 hrs UTC | 75.694444 days at USD 35,500.00 | 2,897,152.76 |

Commissions deducted        3.75%                                (166,461.73)

Bunkers on delivery
  IFO 467 mts at USD 340                                            158,780.00
  MDO 46.5 mts at USD 625                                            29,082.50

Bunkers on redelivery
  IFO 525.464 mts at USD 340                                      (178,677.76)
  MDO 45.439 mts at USD 625                                        (28,399.38)

Communication/Entertainment/Victualling USD 1,258 per 30 days        5,237.27

In lieu of hold cleaning                                             5,000.00

**Payments:**

| | |
|---|---|
| Payment 1 - 1st hire | (8 86,581.25) |
| Payment 2a - 10 AUG "430,000 USD" | (4 30,600.00) |
| Payment 2b - 10 AUG "30,000 USD" | (30,000.00) |
| Payment 3 - 16 AUG "330,000 BEING PART OF 1,045,000" | (3 16,781.25) |
| Payment 4 - 20 AUG "330,000 BEING PART OF 1,045,000" | (3 30,000.00) |
| Payment 5 - 29 AUG "400,000.00 BEING PART OF STM 2" | (4 10,000.00) |

| | |
|---|---|
| **Balance in Owners favour** | 2,0 14,357.18 |

EXHIBIT "3"

ECF

## U.S. District Court
## United States District Court for the Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:07-cv-09706-PAC

dustrial Carriers Inc. v. Yong He Shipping HK Ltd. et al
ssigned to: Judge Paul A. Crotty
:mand: $834,000
use: 28:1333 Admiralty

Date Filed: 11/01/2007
Jury Demand: None
Nature of Suit: 120 Contract: Marine
Jurisdiction: Federal Question

**aintiff**

**dustrial Carriers Inc.**

represented by **Claurisse Ann Campanale-Orozco**
Tisdale Law Offices, LLC
11 West 42nd Street
Suite 900
New York, NY 10036
(212) 354-0025
Fax: (212) 869-0067
Email: Corozco@tisdale-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Leonard Tisdale**
Tisdale Law Offices, LLC
11 West 42nd Street
Suite 900
New York, NY 10036
(212)354-0025
Fax: (212)869-0067
Email: ttisdale@tisdale-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Yong He Shipping HK Ltd.**

**Defendant**

**Prosper Shipping Limited**

| Date Filed | # | Docket Text |
|---|---|---|
| 11/01/2007 | 1 | COMPLAINT against Yong He Shipping HK Ltd., Prosper Shipping |

| | | |
|---|---|---|
| | | Limited. (Filing Fee $ 350.00; Receipt Number 631665)Document filed by Industrial Carriers Inc.(jpo) (Entered: 11/05/2007) |
| 1/01/2007 | | SUMMONS ISSUED as to Yong He Shipping HK Ltd., Prosper Shipping Limited. (jpo) (Entered: 11/05/2007) |
| 1/01/2007 | | Magistrate Judge Kevin N. Fox is so designated. (jpo) (Entered: 11/05/2007) |
| 1/01/2007 | | Case Designated ECF. (jpo) (Entered: 11/05/2007) |
| 1/01/2007 | 2 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Industrial Carriers Inc.(jpo) (Entered: 11/05/2007) |
| 1/01/2007 | 4 | EX PARTE ORDER FOR PROCESS OF MARITIME ATTACHMENT pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Clerk of Court shall issue Process of Maritime Attachment and Garnishment against all tangible or intangible property, credits, letters of credit, etc. or any other funds of property up to the amount of $834,283.40 belonging to, due or being transferred to, from or for the benefit of the Defendant, including but not limited but not limited to such property as may be held, received or transferred in Defendant's name(s), or as may be held, received or transferred for its benefit at, moving though, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishes to be named, or later identified, on whom a copy of the Process of Maritime Attachment and Garnishment may be served. Supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court. Pursuant to F.R.C.P. 5(b) (2)(D) each garnishee may consent, in writing, to accept service by any other means. So Ordered. (Signed by Judge Paul A. Crotty on 11/1/07) (jco) (Entered: 11/21/2007) |
| 01/2007 | 5 | ORDER APPOINTING SPECIAL PROCESS SERVER PURSUANT. TO F.R.C.P. RULE 4(C) Thomas L. Tisdale, Claurisse A. Campanale-Orozco, Lauren C. Davies or any other partner, associate, paralegal or other agent of TISDALE LAW OFFICES, LLC be and is hereby appointed to serve the Verified Complaint, Process of Maritime Attachment and Garnishment, Interrogatories and other process upon Defendant herein and upon the garnishee(s) listed in the Order, together with any other garnishee(s) who, based upon information developed subsequent hereto by Plaintiffs, may hold assets for or on account of the Defendant. So Ordered. (Signed by Judge Paul A. Crotty on 11/1/07) (jco) (Entered: 11/21/2007) |
| 1/2007 | | MARITIME ATTACHMENT AND GARNISHMENT ISSUED as to Yong He Shipping HK Ltd., Prosper Shipping Limited on 11/1/07 in the amount of $834,283.40. (cd) (Entered: 11/05/2007) |
| 11/5/2007 | 3 | AFFIDAVIT of Claurisse Campanale-Orozco in Support re: Maritime Attachment and Garnishment Issued. Document filed by Industrial Carriers Inc.. (Campanale-Orozco, Claurisse) (Entered: 11/05/2007) |

| 1/29/2007 | | MARITIME ATTACHMENT AND GARNISHMENT ISSUED as to Yong He Shipping HK Ltd., Prosper Shipping Limited on 11/29/2007 in the amount of $2,881,145.02. (jmi) (Entered: 12/03/2007) |
|---|---|---|
| /29/2007 | 6 | AMENDED ORDER APPOINTING SPECIAL PROCESS SERVER PURSUANT TO F.R.C.P. RULE 4(C) Thomas L. Tisdale, Claurisse A. Campanale-Orozco, Lauren C. Davies or any other partner, associate, paralegal or other agent of TISDALE LAW OFFICES, LLC be and is hereby appointed to serve the Verified Complaint, Process of Maritime Attachment and Garnishment, Interrogatories and other process upon Defendant herein and upon the garnishee(s) listed in the Order, together with any other garnishee(s) who, based upon information developed subsequent hereto by Plaintiffs, may hold assets for or on account of the Defendants. So Ordered. (Signed by Judge Paul A. Crotty on 11/29/07) (jco) (Entered: 12/05/2007) |
| 1 /29/2007 | 7 | AMENDED EX PARTE ORDER FOR PROCESS OF MARITIME ATTACHMENT pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Clerk of the Court shall issue Process of Maritime Attachment and Garnishment against all tangible or intangible property, credits, letters of credit, etc. or any other funds or property up to the amount of $2,881,145.02 belonging to, due or being transferred to from or for the benefit of the Defendants, including but not limited to such property as may be held, received or transferred in Defendants' name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishee(s) on whom a copy of the Process of Maritime Attachment and Garnishment may be served. Supplemental process enforcing the Court's Order may be issued and served without further Order of the Court. Pursuant to F.R.C.P. 5(b)(2)(D) each garnishee may consent, in writing, to accept service by any other means. So Ordered. (Signed by Judge Paul A. Crotty on 11/29/07) (jco) (Entered: 12/05/2007) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 12/06/2007 14:39:14 | | |
| PACER Login: lm2533 | Client Code: | |
| Description: Docket Report | Search Criteria: | 1:07-cv-09706-PAC |
| Billable Pages: 2 | Cost: | 0.16 |