# Exhibit C

*Exhibit C*

## DECLARATION OF CHU BEIPING

CHU BEIPING states as follows:

1.      I am an attorney admitted to practice law in the People's Republic of China.  I practice law more than ten years in Dalian, China.  I also teach maritime law as Associate Professor at Dalian Maritime University.  I speak and read English.

2.      I represent Shanghai Fareast International Shipping Agency Co. Ltd. ("Shanghai Agency").  I provide this declaration to outline certain points of Chinese law which may be of use to the court in New York in the case of <u>Navision Shipping Company A/S v. Yong He Shipping (HK) Ltd., et al.</u>, 07 Civ. 9517 (DC).

3.      I have read the declaration of Zhuo Zhonggen of Shanghai Agency and its various attachments.  I base my views on these attachments.

4.      In this case Shanghai Agency was appointed to act as port agent by the charterer of the M/V BRAVE JOHN, Yong He Shipping (HK) Ltd. ("Yong He").

5.      My first reference shall be made to the position of the Plaintiff, namely, Navision Shipping Co. A/S ("Navision"). In pursuant of the Chinese laws, Navision has no valid cause of action against Shanghai Agency.

（1）According to Clause 108 of CIVIL PROCEDURE LAW OF PEOPLE'S REPUBLIC OF CHINA that the litigation shall be lodged by plaintiff who must have a direct interest in the case and there must be specific cause of action for the suit. Moreover, the plaintiff shall bear the burden of proof to

"C"

prove his proper cause of action to claim against the defendant. However, in this case, Navision failed to adduce any evidence to establish that they have a valid claim against Shanghai Agency. Navision's role and position in this matter has been silent to us till now, since the only time charterparty concerning MV "BRAVE JOHN" (the "**Vessel**") (the "**Charterparty**") served to the Court in New York in favor of their claim was concluded between Oresteia Shipping Ltd as Owners (the "**Owners**") and Yong He Shipping Ltd as Charterers (the "**Charterers**"), without showing any relationship of Navision with the case.

（2）Furthermore, I have made a search for the Vessel through Lloyds' MIU on net (Please see: Exhibit1), result from which is that the Vessel's registered owners is Oresteia Shipping Ltd., that is to say, the Charterers have entered into the Charterparty directly with the head owners. It seems impossible for Navision to be the disponent owners of the Vessel. It is also stated by Shanghai Agency and the Charterers that they never heard Navision during the case before they were advised of the attachment in New York by bank. The only relevant information referred to "Navision" is that the Master notified Shanghai Agency contacting disponent owners through a similar company called Navision Chartering A/S (not the plaintiff) if necessary in the "Authorization of signing bills of lading on my behalf" (the Master's

2

letter). I am confused by who is the "Disponent owners", since as above stated, the Chaterers Yong He shall be the disponent owners.

（3）On the ground of the prima facie evidence and research till now, no legal relationship or legal position is found in support of Navision to bring this suit. I am of firm view that Navison has no right to sue against Shanghai Agency pursuant to Chinese laws, the Chinese court will refuse to entertain this case undoubtedly from the outset lack of valid cause of action.

6.      Supposing Navision is qualified plaintiff under Chinese laws, I have considered whether Shanghai Agency would have any liability under Chinese law to the owners of the M/V BRAVE JOHN arising from issuance of bills of lading by Shanghai Agency that might not be in accordance with the Master's letter of August 22, 2007. That letter sets forth terms and conditions for the issuance of bills of lading which are not set out in the charter party referred to.

7.      **First**, I note that Shanghai Agency did not agree to the terms of the letter but simply signed it with the statement "RCVD THIS LETTER". Under Chinese law, this does not constitute any form of agreement by Shanghai Agency to the terms of the letter and would not in any way bind Shanghai Agency to these terms.

（1）  Shanghai Agency did not accept to be bound by the Master's letter, since Mr. Zhuo Zhonggen had marked on the letter "RCVD THIS LETTER" (received this letter) beside his signature, which shall prevail over the printed

3

word "Acknowledged and accepted". Hence, according to Article 25 of the Contract Laws of PRC that "contract has been concluded when the acceptance comes into force", there is no new accepted contact entered into and SHANGHAI AGENCY shall not be obliged to issue bills of lading in conformity with the Master's letter.

（2） The Charterers obtained the right to issue bills of lading as per Clause 8 specified in the Charterparty. Hence, the Master, on behalf of owners, could not demand any more conditions or restrictions for issuing bills of lading other than what was in charterparty.

Therefore, there is no new authorization from the Master that is binding on Shanghai Agency.

8. **Second**, at least insofar as Chinese law is concerned, on the facts of this case it is clear that at all times Shanghai Agency acted solely as agent for Yong He, who was the principal of Shanghai Agency known to the vessel owners. Under Chinese law, an agent for a known principal has no liability to the principal's contracting party for actions by the agent. This is so under the following authorities:

Article 402 of Contract Law of PRC as follows:

*"Where the agent, acting within the scope of authority granted by the principal, entered into a contract in its own name with a third person who was aware of the agency relationship between the principal and agent, the contract is directly binding upon the principal and such third person, except*

4

> *where there is conclusive evidence establishing that the contract is only*
>
> *binding upon the agent and such third person."*

Even if the Master's letter is construed or interpreted as a new authorization as to

how to issue bills of lading, Shanghai Agency as agent of Yong He is not a party

under this entrusting contract and shall not be held responsible for any liabilities

arising therefrom.

      9.    **Third, Shanghai Agency** as agent of the Charterers, has no

responsibility to the owners under following Article 63 of General Principles of Civil

Law of PRC,

> *"The Principal shall bear civil liability for the agents' acts of agency (within*
>
> *the authorization of principal)".*

Furthermore, the owners could only recover their losses in any from the Charterers

in this case, because it is specifically and clearly agreed and declared by the

Charterers in Charterparty as follows:

> *"Clause 42:  Bills of Lading.*
> *Charterers' Bills of Lading to be used if required by Charterers.*
>
> *Charterers to make best endeavours to incorporate a lien clause in all bill(s)*
> *of lading issued under this Charter Party. Charterers to accept all*
> *consequences that might result from charterers and/or their agents not*
> *adhering strictly to their authority."*

5

10.    **Fourth**, in this case, Shanghai Agency issued each bill of lading according to the instruction of the Charterers, under Article 399 of Contract Law of PRC, *"agent shall act and deal with matters as the instruction of the principal"*, hence, there is no fault or defect of Shanghai Agency to issue bills of lading.

11.    **To sum up**, under Chinese law, Shanghai Agency, as an agent for its known principal, Yong He, shall bear no possible liability to the vessel owners arising from Shanghai Agency not following the terms of the Master's letter concerning issuance of the bills of lading.

12.    A typical case closely resembling this case is adjudicated by the People's high court of Guangxi Province.[1] The disponent owners claimed against the agent of sub-charterers for the reason that the agents' wrongful issuance of bills of lading had infringed and deprived their right of lien to collect freight, demurrage etc. The case has been dismissed by the High Court on the grounds as follows,

（1）    The agent, as the sub-charterers' agent, shall conduct the acts of agency in conformity with the instruction of his principal, not others, for example the disponent owners;

（2）    Any effect and/or responsibility arising from the agent's action of agency shall be born by the principal sub-charterers, and so the disponent owners shall not be entitled to claim directly against the agent;

---

[1] The Case No. is (2002) Gui Civial Tribunal Fourth Final Judgment No. 28. UNIVERSAL CHARTERING INC. v.s. CHINA OCEAN SHIPPING AGENT (QINZHOU) CO. LTD..

（3）    The disponent owners have no right of lien for freight because they are not the actual carriers for goods. Since no such right of lien exist, no tort can be done to the right by the agent;

（4）    There is no contract between the agent and the disponent owners, and the owners could only claim for freight losses etc. if any against the sub-charterers, rather than their agent.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

_____
                              CHU BEIPING

Executed:    Dalian, China
             January 28, 2008

7

Declaration of Chu Beiping

# Exhibit  1

- 

**Owners:** Brave John

- **View Current Owners**
- View Owner History

- Beneficial Owner
  - P & P. Shipping Co. (Hellas) S.A.
  - Since 25 May 2003

- Commercial Operator:
  - P & P. Shipping Co. (Hellas) S.A.
  - Since 25 May 2003

- Registered Owner
  - Crestela **Shipping**
  - Since **25 May 2003**

- Technical Manager
  - P & P. Shipping Co. (Hellas) S.A.
  - Since After **25 May 2003**

If this data is incorrect, click here to provide feedback

? 2007 Informa plc. All rights reserved.

Terms & Conditions | Privacy Statement

Lloyd's and the crest are the registered trade marks
of the Society incorporated by the Lloyd's Act 1871 by the name of Lloyd's

This site is owned and operated by Informa plc ("Informa") whose registered office is Mortimer House,

37-41 Mortimer Street, London. W1T 3JH.
Registered in England and Wales Number 3099067