# Exhibit E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

NAVISION SHIPPING COMPANY A/S,

                    Plaintiff,

    - against -

YONG HE SHIPPING (HK) LTD., PROSPER
SHIPPING LIMITED, JIANGSU FING AGENCY LTD.,
JIANGSU FAREAST INTERNATIONAL SHIPPING
AGENCY LTD., THE OLD EASTERN
MEDITERRANEAN CO SA, CHINA MARINE
SHIPPING AGENCY TIANJIN COMPANY LTD.,
LIANYUNGANG FAREAST INTERNATIONAL
SHIPPING AGENCY CO. LTD., and SHANGHAI
FAREAST INTERNATIONAL SHIPPING AGENCY
CO. LTD. a/k/a FEISA,

                    Defendants.

------------------------------------------------------X

07 Civ. 9517 (DC)

ECF CASE



DEC 17 2007
U.S.D.C. S.D.N.Y.
CASHIERS

### SECOND AMENDED VERIFIED COMPLAINT

    Plaintiff, NAVISION SHIPPING COMPANY A/S ("Plaintiff"), by and through its

attorneys, Lennon, Murphy & Lennon, LLC, as and for its Second Amended Verified Complaint

against the Defendants, YONG HE SHIPPING (HK) LTD. ("Yong He"), PROSPER SHIPPING

LIMITED ("Prosper"), JIANGSU FING AGENCY LTD. ("Jiangsu Fing"), and JIANGSU

FAREAST INTERNATIONAL SHIPPING AGENCY LTD. ("Jiangsu"), THE OLD EASTERN

MEDITERRANEAN CO SA ("OEM"), CHINA MARINE SHIPPING AGENCY TIANJIN

COMPANY LTD. ("China Marine"), LIANYUNGANG FAREAST INTERNATIONAL

SHIPPING AGENCY CO. LTD. ("Lianyungang"), and SHANGHAI FAREAST

INTERNATIONAL SHIPPING AGENCY CO. LTD. a/k/a FEISA ("Shanghai Fareast")

(collectively referred to as "Defendants"), alleges, upon information and belief, as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the



E

Federal Rules of Civil Procedure and 28 United States Code § 1333. Jurisdiction over this matter is also present pursuant to the Federal Arbitration Act, 9 United States Code § 1 et seq., and this Court's federal question jurisdiction, 28 United States Code § 1331.

2.    At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity organized and existing under foreign law.

3.    Upon information and belief, Defendants were, and still are, foreign corporations, or other business entities organized and existing under foreign law.

### FIRST CAUSE OF ACTION

4.    Paragraphs One through Three are hereby incorporated as Paragraphs Four through Six and made part hereof as if fully set forth at length herein.

7.    At all material times, Plaintiff was the disponent Owner of the mot. vessel "BRAVE JOHN" (hereinafter the "Vessel").

8.    By a charter party dated July 7, 2007, Plaintiff chartered the Vessel to Yong He for the carriage of cargo. *See charter party annexed hereto as Exhibit "1."*

5.    The charter party provides that hire is due in advance.

10.    During the course of the charter, disputes arose between the parties regarding Yong He's failure to pay hire due and owing under the charter party. *See breakdown of outstanding hire annexed hereto as Exhibit "2."*

11.    As a result of Yong He's breach of the charter party, Plaintiff has sustained damages in the principal amount of $2,944,357.16, exclusive of interest, arbitration costs and attorneys fees.

12.    Pursuant to the charter party, all disputes arising thereunder are to be submitted to arbitration in London with English Law to apply.

13.    Despite due demand, Yong He has failed and/or refused to pay the sums due and owing to Plaintiff.

14.    Thus, Plaintiff is preparing to commence arbitration proceedings on its claims

15.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party in proceedings subject to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts in the Final Arbitration Award(s):

| | | |
|---|---|---|
| A. | Principal claim: | 2,044,357.18 |
| B. | Interest on claims: 3 years at 6%, compounded quarterly | 399,913.4 |
| C. | Estimated attorneys' fees and expenses: | 200,000.00 |
| D. | Estimated arbitration costs: | 50,000.00 |
| Total | | 2,694,271.99 |

16.    Upon information and belief, Yong He uses Defendants Prosper, Jiangsu Fing and Jiangsu as "paying/receiving agents" or "pass through" entities such that it can insulate itself from creditors relating to its contracts.

17.    It is not general practice in the maritime community, nor anywhere else, for independent companies to make or receive large payments on behalf of other independent companies.

18.    Payments sent or received on behalf of another independent company are suggestive of a relationship that is not "arms length."

19.    Upon information and belief, Defendants Prosper, Jiangsu Fing and Jiangsu make payments on Yong He's behalf where they have absolutely no contractual obligation to Yong He's creditors.

20. Upon information and belief, Defendants Prosper, Jiangsu Fing and Jiangsu made hire payments with reference to the above charter on Yong He's behalf.

21. In addition, upon information and belief Defendant Prosper has made hire payments under other charter parties on Yong He's behalf. *See Verified Complaint in Industrial Carriers Inc. v. Yong He Shipping (HK) Ltd. and Prosper Shipping Limited (Docket # 07 Civ. 9706), annexed hereto as Exhibit "3."*

22. In the alternative, Defendants Prosper, Jiangsu Fing and Jiangsu are agents of Defendant Yong He, such that Defendants Prosper, Jiangsu Fing and Jiangsu are now, or will soon be, holding assets belonging to Yong He, or vice versa.

23. In the further alternative, Defendants are partners and/or joint venturers.

24. In the further alternative, Defendants are affiliated companies such that Defendants Prosper, Jiangsu Fing and Jiangsu and are now, or will soon be, holding assets belonging to Yong He, or vice versa.

## SECOND CAUSE OF ACTION

25. Paragraphs One through Three are hereby incorporated as Paragraphs Twenty Five through Twenty Seven and made part hereof as if fully set forth at length herein.

28. By a charter party dated July 7, 2007, Plaintiff chartered the Vessel Yong He for the carriage of cargo.

29. During the course of the voyage, Defendant OEM wrongfully and unlawfully authorized various shipping agents to issue and release pre-dated, clean on board bills of lading and provided the same with freight pre-paid wordings.

30. As a result of OEM's unlawful authorization, Plaintiff has suffered losses in the principle amount of $2,044,357.18, exclusive of interest, costs and attorneys fees.

4

31.    Despite due demand, OEM has failed and/or refused to pay the sums due and owing to Plaintiff.

32.    Thus, in due course, Plaintiff will commence proceedings against OEM in an appropriate forum to recover those amounts due under its claim.

33.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party in such proceedings. As best as can now be estimated, Plaintiff expects to recover the following amounts in the Final Arbitration Award(s) and/or Judgment:

|   |   |   |
|---|---|---|
| A. | Principal claim: | 2,044,357.18 |
| B. | Interest on claims:<br>Three years at 6%, compounded quarterly | 399,913.41 |
| C. | Estimated attorneys' fees and expenses: | 200,000.00 |
| D. | Estimated arbitration costs: | 50,000.00 |
| Total |   | 2,694,270.59 |

## THIRD CAUSE OF ACTION

34.    Paragraphs One through Three are hereby incorporated as Paragraphs Thirty Four through Thirty Six and made part hereof as if fully set forth at length herein.

37.    By a charter party dated July 7, 2007, Plaintiff chartered the Vessel Yong Hu for the carriage of cargo.

38.    Defendant China Marine wrongfully and unlawfully issued and released pre-dated, clean on board bills of lading and also provided the same with the wording "freight pre-paid" which was clearly inconsistent with the master's authorization to sign the bills of lading.

35.    As a result of China Marine unlawful authorization of the bills of lading, Plaintiff has suffered losses in the principle amount of $2,044,357.18, exclusive of interest, costs and attorneys fees.

5

40.    Despite due demand, China Marine has failed and/or refused to pay the sums due and owing to Plaintiff.

41.    Thus, in due course, Plaintiff will commence proceedings against Defendant in an appropriate venue to recover those amounts due under its claim.

42.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party in such proceedings. As best as can now be estimated, Plaintiff expects to recover the following amounts in the Final Arbitration Award(s) and/or Judgment:

|   |   |   |
|---|---|---|
| A. | Principal claim: | 2,044,357.18 |
| B. | Interest on claims:<br>Three years at 6%, compounded quarterly | 399,913.41 |
| C. | Estimated attorneys' fees and expenses: | 200,000.00 |
| D. | Estimated arbitration costs: | 50,000.00 |
| Total |  | 2,694,270.59 |

## FOURTH CAUSE OF ACTION

43.    Paragraphs One through Three are hereby incorporated as Paragraphs Forty Three through Forty Five and made part hereof as if fully set forth at length herein.

45.    By a charter party dated July 7, 2007, Plaintiff chartered the Vessel "Yong He" for the carriage of cargo.

47.    Lianyungang wrongfully and unlawfully issued and released pre-dated, clean on board bills of lading, and also provided the same with the wording "freight prepaid" which was clearly inconsistent with the master's authorization to sign the bills of lading.

48.    As a result of Lianyungang's unlawful authorization of the bills of lading, Plaintiff has suffered losses in the principle amount of $2,044,357.18, exclusive of interest, costs and attorneys fees.

6

49.    Despite due demand, Lianyungang has failed and/or refused to pay the sums due and owing to Plaintiff.

50.    Thus, in due course, Plaintiff will commence proceedings against Lianyungang in an appropriate venue to recover those amounts due under its claim.

51.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party in such proceedings. As best as can now be estimated, Plaintiff expects to recover the following amounts in the Final Arbitration Award(s) and/or Judgment:

| | | |
|---|---|---|
| A. | Principal claim: | 2,044,357.18 |
| B. | Interest on claims:<br>Three years at 6%, compounded quarterly | 399,913.41 |
| C. | Estimated attorneys' fees and expenses: | 200,000.00 |
| D. | Estimated arbitration costs: | 50,000.00 |

Total                                                                                  2,694,270.59

### FIFTH CAUSE OF ACTION

52.    Paragraphs One through Three are hereby incorporated as Paragraphs Fifty Two through Fifty Four and made part hereof as if fully set forth at length herein.

55.    By a charter party dated July 7, 2007, Plaintiff chartered the Vessel Yong He for the carriage of cargo.

56.    Shanghai Fareast wrongfully and unlawfully issued and released pre-dated, clean on board bills of lading, and also provided the same with the wording "freight prepaid" which was clearly inconsistent with the master's authorization to sign the bills of lading.

57.    As a result of Shanghai Fareast's unlawful authorization of the bills of lading, Plaintiff has suffered losses in the principle amount of $2,044,357.18, exclusive of interest, costs and attorneys fees.

7

58.  Despite due demand, Limyungang has failed and/or refused to pay the sums due and owing to Plaintiff.

59.  Thus, in due course, Plaintiff will commence proceedings against Limyungang in an appropriate venue to recover those amounts due under its claim.

60.  Interest, costs and attorneys' fees are routinely awarded to the prevailing party in such proceedings. As best as can now be estimated, Plaintiff expects to recover the following amounts in the Final Arbitration Award(s) and/or Judgment:

| | | |
|---|---|---|
| A. | Principal claim: | $2,044,357.18 |
| B. | Interest on claims:<br>Three years at 6%, compounded quarterly | $399,913.41 |
| C. | Estimated attorneys' fees and expenses: | $200,000.00 |
| D. | Estimated arbitration costs: | $50,000.00 |
| Total | | $2,694,270.59 |

### PRAYER FOR RELIEF FOR ALL CAUSES OF ACTION

61.  The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendants.

62.  The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendants held by

the aforesaid garnishes for the purpose of obtaining personal jurisdiction over the Defendant(s), and to secure the Plaintiff's claims as described above.

WHEREFORE, Plaintiff prays:

A.    That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Second Amended Verified Complaint;

B.    That the Court retain jurisdiction to compel the Defendants to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 et seq.;

C.    That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendants, in the amount $2,694,270.59 calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Second Amended Complaint;

D.    That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court

E.    That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

9

F.    In the alternative, that this Court enter judgment against the Defendant(s) in the amount of $2,694,378.59 plus the costs and reasonable attorneys' fees incurred in the prosecution of this action;

G.    That this Court award Plaintiff its attorney's fees and costs of this action; and

H.    That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: December 17, 2007
       New York, NY

                    The Plaintiff,
                    NAVISION SHIPPING COMPANY A/S


                    By: _Nancy_____
                    Nancy R. Peterson (NP 2871)
                    Patrick F. Lennon (PL 2162)
                    LENNON, MURPHY & LENNON, LLC
                    420 Lexington Ave., Suite 300
                    New York, NY 10170
                    (212) 490-6050 – phone
                    (212) 490-6070 – fax
                    nrp@lenmur.com
                    pfl@lenmur.com

## ATTORNEY'S VERIFICATION

State of Connecticut }
                     }     ss.:     Town of Southport
County of Fairfield  }

1.     My name is Nancy R. Peterson.

2.     I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3.     I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4.     I have read the foregoing Second Amended Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5.     The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6.     The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7.     I am authorized to make this Verification on behalf of the Plaintiff.

Dated:     December 17, 2007
           New York, NY

                                     _Nancy_
                                     Nancy R. Peterson

11

EXHIBIT "1"

070712-5619

To: NAVISION CHARTERING A/S <chartering@navisiongroup.com>
From: GFI BROKERS LONDON <drycargo@gfigroup.co.uk>
Subject: [GB] brave john/yhs cp dated 12.7.2007
Date: 12-07-2007 12:17:08    (printed 28-09-2007 12:12:34)
O..: "NAVISION CHARTERING A/S"
ROM: GFI Group
ATE: 12-JUL-2007 11:16
SG.: 989232


ster / dan


ery pled to confirm having fixed clean acf cp dated 12 july 07:


.v. brave john ex prabhu jivesh (ex spring eagle)
:lf trimming bulk carrier
lta flag built dec 1993-japan
irushima dockyard no:3010
irt of registry:valletta
.assed abs (abs a1 bc-ans-accu), ism certified
'230 dwac on 11.20 mtrs draft
ntar: 38155mt on 10.98mtrs
opical: 40270mt on 11.42mtrs
c loaded: 45.87 / tpi:116.5 / light : 41.79
ll sign 9 h n r 7 -  inmarsat c: 421540410 brav
mail: 421540410@stratosmobile.net
one: 763618845 / fax:763618887
ficial class register no:83142421
o: 8307076
a/beam 188/28 mtrs
pth moulded: 15.4m
t/art 22009/12589
et grt/nrt 22779.89/19915.85
nama grt/nrt 23703.09/18106.73
ain/bale 57588.89/45951.76 cu.mtrs
ldwise grain/bale capa
l  : 8,359.34 / 7,971.80
2  : 9,846.08 / 9,578.87
3  :10,238.34 / 9,895.64
l  : 9,844.73 / 9,533.50
5  : 9,300.40 / 8,982.15
.  :47,588.89 /45,961.76

ha          5/5 forward of bridge
ch covers    folding type hydraulically operated
ch sizes     #1 to 5 19.2 x 14.04 mtrs
             #3 floodable

cm cnfm vals h.covr not side opening n not side rolling
op clear of hoppers dimensions
    nr.1 : length  28.50 mtrs inner bulkhead corrugation
                   breadth fwd 6.90 mtrs aft 18.40 mtrs
    nr.2/3/4  length  28.50 mtrs inner bulkhead corrugation
                   breadth 18.40 mtrs
    nr. 5 : length  28.50 mtrs inner bulkhead corrugation
                   breadth fwd 18.40 mtrs aft 9.75 mtrs

ght tt to main deck 13.80 mtrs tt to hacover 14.40 mtrs
tance waterline to top hatchcovers in light ballast:abt 11m
tance waterline to top hatchcovers in heavy ballast:abt 10.6m

nes      4 of 25 tons

vs strengthened for heavy cargoes #2/4 may be empty
at ngth of ttp/deck/h cover
tt tr.nr1-19.2 nr2-13.3 nr3-25.4 nr4-13.3 nr5-19.2 mt/mtr2

eck 3.0mt/mtr2

onstants: 300 mts excl fw
aily fresh water consuption:8mt
resh water capacity: 180mt
ax const incl fw: 400mt
ank capacity ifo: 1400mt . mdo:120mt

peed abt 12.50k on abt 28 mt ifo (180 cst) + 2.0 mt mdo at sea
han idle abt . 1.5 mt mdo /when gear working abt 2.8 mt mdo.
peed/cons described in fair weather unexceeding beaufort scale 3.
peed/cons described from seabuoy to seabuoy and vsl consumes mdo for
avigating in channels and enclosed waters.

aster's nationality: Greek
fficers and crew nationality:philippinoes.

iiclub: west of england
un value: usd 10mil
im insurer: london +italian market via cambiaso risso of genova.

ist s.survey date:sept 2003 at china - zhengxi shipyard
ist dd: may 2006 at piraeus

ustralia hold ladders fitted
.tf: bona fide
usl is under present management: since 11/04/2003

mers:oresteia shipping ltd, malta
inagers: p+p shipping co (hellas) s.a.
               7, platonos street - piraeus 185 35
               greece
               tel:+30210-4224112/5 fax:+30210-4224119 tlx:211732 papa gr
               e-mail:papanhes@otenet.gr
 all details about

} a

 A/C YONG HE SHIPPING(HK) LTD

 DELY DLOSP ,ZHANJIANG, CHINA AIDNSHINC

 LYCN 21/29 JULY (0001/2400 2BE LT) 2007

 FOR 1 TCT WITH INT STEELS AND GENERALS LAWFULL AND HARMLESS,
 WITH DECK OPTION, VIA SP8 SAS SBS AA AWIWL

 estimated duration for cp purposes abt 60 days wog

 redely on dlosp full med as per ows btb cp atdnshinc, port in chopt

 HIRE USD 34500 DIOT FIRST 50 DAYS AND USD 36500 THEREAFTER

 1st hire plus bod to be paid on dely
 2nd hire to be 45 days and to be paid 15 dys after dely
 3rd hire upto expected redely incl bunker adjustment
 any subsequent hire(s) to be paid in advance as/if becomes due

 vessel to deliver with bunkers remaining on board estimated to be
 abt 500-600 mts ifo and abt 50-60 mts mdo. vessel to be redel with
 abt 500 mts ifo and abt 50 mts mdo. prices bends usd 340 pmt ifo
 and abt usd 625 pmt mdo.

 ILOHC/CVE AS PER B2B CP

 CARGO/TRADING EXCL AS PER B2B CP

owise as per ows btb cp logically amended

Sttl owners

ND

hanks vm fixture

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
his email and any files transmitted with it are confidential and
intended solely for the use of the individual or entity to whom they
re addressed. If you have received this email in error please notify
he system manager.

ommunications sent from our London offices are, unless stated otherwise, sent on
ehalf of
PI Holdings Limited, a limited company registered in England and Wales with
egistered
ffice located at 1 Snowden Street, London EC2A 2DQ and registered number 03405222

his footnote also confirms that this email message has been swept by
MBsweeper for the presence of computer viruses.

w.mimesweeper.com
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

his email has been scanned by the MessageLabs Email Security System.
r more information please visit http://www.messagelabs.com/email

EXHIBIT "2"

**N**

Nordalon Shipping Company A/S
c/o Navision Chartering A/S
Strandvejen 102 E * DK-2900 Hellerup * Denmark

Navision Shipping
Company A/S

Yong Ho Shipping (HK) Ltd.
c/o GFI Brokers Ltd
1 Snowden Street
Broadgate West
London, UK-E1 6DB
United Kingdom

25 November 2007

## Hire Statement Recap

m.v. Brave John - C/P  12 July 2007 - F060256 C163

| | IFO | MDO | MGO |
|---|---|---|---|
| Date of delivery: | 23-07-07 16:30 UTC | | |
| Date of redelivery: | 16-11-07 11:10 UTC | | |
| Total days on hire: | 120.594444 | | |
| Bunkerquantities mt: | IFO | MDO | MGO |
| Delivery: | 467.39 | 48.50 | 0.00 |
| Redelivery: | 525.46 | 46.44 | 0.00 |
| Bunkerprices USDt: | | | |
| Delivery: | 340.00 | 625.00 | 0.00 |
| Redelivery: | 340.00 | 625.00 | 0.00 |

| | | | USD |
|---|---|---|---|
| T/C Hire: | | | |
| 23/07 16:30 hrs  - 11/09 16:30 hrs UTC | 50 days at USD 34,500.00 | | 1,725,000.00 |
| 11/09 16:30 hrs  - 26/11 11:10 hrs UTC | 75.594444 days at USD 35,500.00 | | 2,687,152.76 |
| Commissions deducted | 3.75% | | (165,468.73) |
| Bunkers on delivery | | | |
| IFO 467 mts at USD 340 | | | 158,780.00 |
| MDO 46.5 mts at USD 625 | | | 29,062.50 |
| Bunkers on redelivery | | | |
| IFO 525.464 mts at USD 340 | | | (178,677.76) |
| MDO 46.439 mts at USD 625 | | | (29,399.38) |
| Communication/Entertainment/Victualling USD 1,250  per 30 days | | | 5,237.27 |
| In lieu of hold cleaning | | | 5,000.00 |

**Payments:**

| | |
|---|---|
| Payment 1 – 1st hire | (836,581.25) |
| Payment 2a – 10 AUG "430,000 USD" | (430,000.00) |
| Payment 2b – 10 AUG "30,000 USD" | (30,000.00) |
| Payment 3 – 18 AUG "330,000 BEING PART OF 1,045,000" | (315,761.25) |
| Payment 4 – 20 AUG "330,000 BEING PART OF 1,045,000" | (330,000.00) |
| Payment 5 – 29 AUG "430,000.00 BEING PART OF STM 2" | (430,000.00) |

| | |
|---|---|
| **Balance in Owners favour** | 2,014,357.13 |