# LENNON, MURPHY & LENNON, LLC – *Attorneys at Law*

The GrayBar Building
420 Lexington Ave., Suite 300
New York, NY 10170
*phone* (212) 490-6050
*fax* (212) 490-6070

Patrick F. Lennon - *pfl@lenmur.com*
Charles E. Murphy - *cem@lenmur.com*
Kevin J. Lennon - *kjl@lenmur.com*
Nancy R. Siegel - *nrs@lenmur.com*

Tide Mill Landing
2425 Post Road
Southport, CT 06890
*phone* (203) 256-8600
*fax* (203) 256-8615

January 31, 2008

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/5/08
```

**By Facsimile (212) 805-7906**
Hon. Denny Chin
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1020
New York, New York 10007-1581

Re: **Navision Shipping Company A/S v. Yong He Shipping (HK) Ltd. et. al**
Docket #: 07-cv-09517-DC
Our Ref: 07-1267

Dear Judge Chin:

We are attorneys for the Plaintiff in this admiralty action brought pursuant to Supplemental Admiralty Rule B of the Federal Rules of Civil Procedure. We write in response to Defendant Shanghai Fareast International Shipping Agency Co. Ltd.'s motion papers submitted yesterday, January 30, 2008, and to request an extension of time to submit Plaintiff's opposition papers for 30 days.

When a briefing schedule was discussed between counsel, it was based on the premise that Defendant was solely bringing a motion to vacate pursuant to Supplemental Rule (E)(4)(f). As the Court is aware, in such motions (where the defendant challenges whether the four requirements of Rule B have been met), substantive evidence is generally not submitted or examined.

However, upon receipt of the motion papers, it has been revealed that Defendant has not moved solely to vacate the attachment. Rather it has also moved for summary judgment and to dismiss the Complaint under Rule 12(b)(6). Quite tellingly, the letter submitted by Defendant's counsel to the Court dated January 17, 2008 requesting the briefing schedule made no mention of the motion to dismiss and/or summary judgment. Furthermore, Defendant has submitted copious "evidence" (approx. 180 pages) in support of its motion papers including declarations from the Defendant's representative, Chinese counsel and English counsel respectively. If we had been informed that Plaintiff was bringing the motion in this context we would have *never* agreed to the briefing schedule as it is entirely unacceptable and unfeasible. Defendant had almost a month to prepare its motion papers and it has raised several challenges to the substantive *facts* of the case. Under the current schedule, Plaintiff would be allowed only seven calendar days to review the evidence, obtain declarations to oppose Defendant's submissions and to respond. This is not equitable.

Defendant is not entitled to an expedited hearing/briefing schedule on a summary judgment motion and/or a motion to dismiss. These motions require the application of, at the very least, the standard briefing schedule, i.e. 10 business days. Here, where copious documentation has been submitted and must be examined by Chinese, English and U.S. attorneys, further time is required.

Plaintiff would also like to bring to the Court's attention that a major Chinese holiday (Chinese New Year) is to occur next week. Thus, it will be practically impossible to have Chinese counsel review the documentation submitted by Defendant.

In light of the foregoing, Plaintiff respectfully requests that the Court adjust the briefing schedule and set the deadline for Plaintiff's opposition papers for three weeks following the Chinese New Year Holiday, (March 5, 2008).

Should your Honor have any questions or comments we are available to discuss the same at any convenient time to the Court. We thank your Honor for consideration of this request.

Respectfully Submitted,

*Nancy Siegel*
Nancy R. Siegel

cc:   *Via Facsimile (212) 952-0345*
      Armand M. Pare
      Nourse & Bowles, LLP
      Counsel for Shanghai Fareast International Shipping Agency Co. Ltd.

Although I had asked my law clerk to ask the lawyers to agree on a schedule, he tells me the lawyers are unable to do so. It is disappointing that the lawyers are unable or unwilling to cooperate. Plaintiff shall file opposition papers on or before 2/25/08; Defendant shall file reply papers on or before 2/28/08.

SO ORDERED.

USDJ 2/5/08

2