UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NAVISION SHIPPING COMPANY A/S,

              Plaintiff,                                      07 Civ. 9517 (DC)

            - against -                              ECF CASE

YONG HE SHIPPING (HK) LTD., PROSPER
SHIPPING LIMITED, JIANGSU FING AGENCY LTD.,
JIANGSU FAREAST INTERNATIONAL SHIPPING
AGENCY LTD., THE OLD EASTERN
MEDITERRANEAN CO SA, CHINA MARINE
SHIPPING AGENCY TIANJIN COMPANY LTD.,
LIANYUNGANG FAREAST INTERNATIONAL
SHIPPING AGENCY CO. LTD., and SHANGHAI
FAREAST INTERNATIONAL SHIPPING AGENCY
CO. LTD. a/k/a FEISA,

              Defendants.
------------------------------------------------------------------X

**DECLARATION OF CARSTEN BOBER PURSUANT TO
28 U.S.C. §1746 IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO VACATE MARITIME ATTACHMENT AND/OR DISMISS THE ACTION**

       I, Carsten Bober, hereby affirm as follows:

       1. I am employee of Navision Chartering A/S, general agent for the Plaintiff, Navision Shipping Company A/S ("Plaintiff" or "Navision").

       2. I submit this Declaration based on facts and information known to me personally, as well as documents and information available to me, all of which I believe to be true and accurate.

       3. I make this Declaration in support of Plaintiff's opposition to a motion filed by Shanghai Fareast International Shipping Agency Co. Ltd. ("Defendant" or "Shanghai Fareast") moving to vacate the maritime attachment issued herein and/or dismiss the action.

       4. On April 18, 2007, Navision chartered the vessel M/V "BRAVE JOHN" (hereinafter "the Vessel") from owners, Oresteia Shipping Ltd., Malta. The charter was concluded on an amended NYPE 1946 form, and was for a period of minimum 3 to about 5 months (+/- 15 days at charterers' option). *See Oresteia-Navision Charter Party annexed hereto as Exhibit "1."*

5. On July 12, 2007 Navision sub-chartered the Vessel to Yong He Shipping (HK) Ltd. (hereinafter "Charterers" or "Yong He") for a one time charter trip of about 60 days WOG. The charter is evidenced by a fixture recap dated July 12, 2007. *See Fixture Re-cap annexed hereto as Exhibit "2."*

6. Navision Chartering A/S acted as general agent for Navision Shipping A/S with reference to the above charter, whereby the latter paid a commission to Navision Chartering A/S for professional services.

7. Shanghai Fareast was appointed by Charterers as port agents for the vessel's call at Shanghai in August 2007.

8. On August 22, 2007, the Master provided a letter of authorization to Shanghai Fareast, authorizing the latter to sign bills of lading on his behalf. Such authorization was expressly envisaged and indeed required under the charter party. The terms of such authorization were clearly set out in the letter. The terms were expressly acknowledged and accepted by Mr Zhuo Zong Gen of Shanghai Fareast, who signed the letter. *See Letter of Authorization annexed hereto as Exhibit "3."*

9. The Fixture Re-cap and Letter of Authorization reference "the Disponent Owners via Navision Chartering A/S" as set forth above, the Plaintiff Navision Shipping Company A/S was at all material times the disponent owner of the Vessel. Navision Shipping Company A/S chartered the Vessel to Yong He by the authorized actions of (via) its general agent Navision Chartering A/S. This is a common practice in the maritime industry.

10. During the course of the charter, Charterer Yong He, failed to pay hire due and owing to Navision under the charter party in the approximate amount of $2,044,357.18.

11. Navision had no other option but to take all necessary legal steps regarding the aspect of obtaining a lien on the cargo when the cargo was discharged in Spain and Italy.

12. However, wrongfully and unlawfully, and in clear breach of the strict terms of agreement as evidenced in the letter of authorization, Shanghai Fareast arranged for the issuance and release of antedated, clean on board bills of lading which had been marked "freight prepaid".

13. As result of Shanghai Fareast's wrongful actions in breach of the letter of authorization, Navision was unable to exercise a lien on the cargo at discharge ports in order to secure unpaid hire, and significant losses were incurred as set forth in the Second Amended Complaint.

14. Navision intends to bring its claim(s) against Shanghai Fareast in England, China or both, and thus it is currently preparing to initiate proceedings accordingly.

I do so declare under penalty of perjury under 28 U.S.C. § 1746 and the laws of the United States of America that the foregoing is true to the best of my knowledge and that the opinions expressed herein are correct.

Dated        03 March 2008

Signed       ....................................................
             **Carsten Bober**