RIDER CLAUSES TO MV "BRAVE JOHN"/NAVISION C/P dated 18/04/2007

-14-

**Cont/d...**

grain/bale 47588.89/45961.76 cu.mtrs

holdwise grain/bale capa

no1  : 8,359.34 / 7,971.60
no2  : 9,846.08 / 9,578.87
no3  :10,238.34 / 9,895.64
no4  : 9,844.73 / 9,533.50
no5  : 9,300.40 / 8,982.15
ttl  :47,588.89 /45,961.76

ho/ha           5/5 forward of bridge
hatch covers    folding type hydraulically operated
hatch sizes     #1 to 5 19.2 x 14.04 mtrs
                #3 floodable

ows cnfm vsls h.cvr not side opening n not side rolling
t/top clear of hoppers dimensions
    nr.1 : length 28.50 mtrs inner bulkhead corrugation
           breadth fwd 6.90 mtrs aft 18.40 mtrs
    nr.2/3/4 length 28.50 mtrs inner bulkhead corrugation
             breadth 18.40 mtrs
    nr. 5 : length 28.50 mtrs inner bulkhead corrugation
            breadth fwd 18.40 mtrs aft 9.75 mtrs

height tt to main deck 13.80 mtrs tt to hacover 14.40 mtrs
distance waterline to top hatchcovers in light ballast:abt 11m
distance waterline to top hatchcovers in heavy ballast:abt 10.6m

cranes      4 of 25 tons

vsl strengthened for heavy cargoes #2/4 may be empty
strength of ttp/deck/h cover
tt str.nr1-19.2 nr2-13.3 nr3-25.4 nr4-13.3 nr5-19.2 mt/mtr2
deck 3.0mt/mtr2

constants: 300 mts excl fw
daily fresh water consuption:8mt
fresh water capacity: 180mt
max const incl fw: 400mt
tank capacity ifo: 1400mt   mdo:120mt

speed abt 12.50k on abt 24 mt ifo (180 cst) + 2.0 mt mdo at sea
when idle abt  1.5 mt mdo /when gear working abt 2.8 mt mdo.
speed/cons described in fair weather unexceeding beaufort scale 3.
speed/cons described from seabuoy to seabuoy and vsl consumes mdo for navigating in channels
and enclosed waters.

RIDER CLAUSES TO MV "BRAVE JOHN"/NAVISION C/P dated 18/04/2007
-15-

Cont/d...
master's nationality: Greek
officers and crew nationality:philippinoes.

p&iclub: west of england
h&m value: usd 10mil
h&m insurer: london +italian market via cambiaso risso of genova.

last s.survey date:sept 2003 at china - chengxi shipyard
last dd: may 2006  at piraeus

-australia hold ladders fitted
-itf: bona fide
-vsl is under present management: since 11/04/2003

owners:oresteia shipping ltd, malta
managers: p+p shipping co (hellas) s.a.
          7, platonos street  - piraeus 185 35
          greece
          tel:+30210-4224112/5 fax:+30210-4224119 tlx:211732 papa gr
          e-mail:papanhes@otenet.gr
- all details about

ows gtee vsl is fitted for the carriage of grain in accordance with solas 1974 and ammendments and
has on board approved valid grain stability plans/booklets

owners guarantee vessel is:
a) selftrimming sidk bulk carrier with eng/br aft with holds/tanktops free of obstructions suitable in
   all respects for grabdischarge
b) vessel has weather tight folding hatch covers
c) vsl does not hv any centerline bulkhead/beams in way of hatches
d) vessels class is equivalent to lloyds highest
e) pls adv any detentions/psc last 12 months, also if any strandings/collisions

Clause 78

Deleted.

RIDER CLAUSES TO MV "BRAVE JOHN"/NAVISION C/P dated 18/04/2007
-16-

### Clause 79 (Marine Growth )

If the vessel is encountering prolonged stay, minimum 30 days in a port and there is strong reason to believe that the vessel's hull has acquired excessive marine growth affecting vessel's speed / consumption due to the stay at this specific port, owners to arrange for a diver inspection. Should the result of this diver inspection indicate there is an excessive marine growth on the hull which is directly related to this specific port stay, Owners to arrange underwater scrubbing of the hull in charterers time and expense prior to vessel's departure from the port, if same can be done without unreasonable delay. If the underwater scrubbing is not available or can not be carried out at the port in question, same to be carried out in charterers time and expense in the next convenient port. Charterers agree not to claim for under performance of the vessel for the passage from the port in question until underwater scrubbing is carried out, provided under performance is directly related to the above specific port stay. The cost of the diver inspection and underwater scrubbing is to be for charterers account. Costs to be prior approved by charterers.. Owners warrant that at the time of delivery, hull is materially free from Marine Growth that would contribute to speed deficiency and/or over consumption of fuel.

### Clause 80

Bimco ISPS Clause to apply

RIDER CLAUSES TO MV "BRAVE JOHN"/NAVISION C/P dated 18/04/2007

-17-

## (GENERAL AVERAGE AND THE NEW JASON CLAUSE )

General Average shall be payable according to the York/Antwerp Rules, 1974 as amended 1990, but where the adjustment is made in accordance with the law and practice of the United States of America, the following clause shall apply:-

## ( NEW JASON CLAUSE )

In the event of accident, danger, damage or disaster before or after commencement of the voyage resulting from any cause whatsoever, whether due to negligence or not, for which, or for the consequence of which, the Carrier is not responsible, by statue, contract or otherwise, the goods Shippers, Consignees or Owners of the goods shall contribute with the Carrier in General Average to the payment of any sacrifices, losses or expenses of a General Average nature that may be made or incurred, and shall pay salvage and special charges incurred in respect of the goods.

If a salving ship is Owned or Operated by the Carrier, salvage shall be paid for as fully as such salving ship or ships belonged to strangers. Such deposit as the Carrier or his Agents may deem sufficient to cover the estimated contribution of the goods and any salvage and special charges thereon shall, if required, be made by the goods, Shippers, Consignees or Owners of the goods to the Carrier before delivery, and Charterers shall procure that all Bills of Lading issued under this Charter Party shall contain the same clause.

## ( BOTH TO BLAME COLLISION CLAUSE )

If the liability for any collision in which the vessel is involved while performing this Charter Party fails to be determined in accordance with the Laws of the United States of America, the following clause shall apply:

"If the ship comes into collision with another ship as a result of the negligence of the other ship and any act, neglect or default of the Master, Mariner, Pilot or the Servants of the Carrier in the navigation or in the Management of the ship, the Owners of the goods carried hereunder will indemnify the Carrier against all loss or liability to the other or non-carrying ship or her Owners in so far as such loss or liability represents loss of or damage to or any claim whatsoever of the Owners of the said goods, paid or payable by the other or non-carrying ship or her Owners as part of their claim against the carrying ship or Carrier.

The foregoing provisions shall also apply where the Owners, Operators or those in charge of any ship or ships or objects other than, or in addition to, the colliding ships or objects are at fault in respect to a collision or contract."

And Charterers shall procure that all Bills of Lading issued under this Charter Party shall contain the same clause.

## (P and I CLUB OIL BUNKERING CLAUSE)

The vessel shall have the liberty as part of the contract voyage to proceed to any port or ports at which bunker oil is available for the purpose of bunkering at any stage of the voyage whatsoever and whether such ports are on or off the direct and/or customary route or routes between any of the ports of loading and discharge named in this Charter Party and may there take oil bunkers in any quantity at the discretion of Owners even to the full capacity of fuel tanks and deep tanks and any other compartment in which oil can be carried whether such amount is or is not required for the Chartered voyage.

## BIMCO STANDARD WAR RISKS CLAUSE FOR TIME CHARTERS, 1993
## Code name: "CONWARTIME 1993":

For the purpose of this Clause, the words:
"Owners" shall include the Ship Owners, Bareboat Charterers, Disponent Owners, Managers or other Operators who are charged with the Management of the vessel, and the Master; and "War Risks" shall include any war (whether actual or threatened), act of war, civil war,hostilities, revolution, rebellion, civil commotion, warlike operations, the laying of mines (whether actual or reported), acts of piracy, acts of terrorists, acts of hostility or malicious damage, blockades (Whether imposed against all vessels or imposed selectively against vessels or certain flags or Ownership, or against certain cargoes or Crews or otherwise howsoever), by any person, body, terrorist or political group, or the Government of any state whatsoever, which, in the reasonable judgement of the Master and/or the Owners, may be dangerous or are likely to be or to become dangerous to the

Vessel, her cargo, Crew or other persons on board the Vessel.

The Vessel, unless the written consent of the Owners be first obtained, shall not be ordered to or required to continue to or through, any port, place, area or zone (whether of land or sea), or any waterway or canal, where it appears that the Vessel, her cargo, Crew or other persons on board the Vessel, in the reasonable judgement of the Master and/or the Owners, may be, or are likely to be, exposed to War Risks. Should the Vessel be within any such place as aforesaid, which only becomes dangerous, or is likely to be or to become dangerous, after her entry into it, she shall be at liberty to leave it.

The Vessel shall not be required to load contraband cargo or to pass through any blockades, whether such blockade be imposed on all vessels, or is imposed selectively in any way whatsoever against vessels of certain flags or Ownership, or against certain cargoes or Crews or otherwise howsoever, or to proceed to an area where she shall be subject, or is likely to be subject to a belligerent right of search and/or confiscation.

(A) The Owners may affect war risks insurance in respect of the Hull and Machinery of the Vessel and their other interests (including, but not limited to, loss of earnings and detention, the Crew and their Protection and Indemnity Risks), and the premiums and/or calls therefore shall be for their account. If the Underwriters of such insurance should require payment of premiums and/or

calls because, pursuant to the Charterers' order the Vessel is within, or is due to enter and remain within, any area or areas which are specified by such Underwriters as being subject to additional premiums because of War Risks, then such premiums and/or calls shall be reimbursed by the Charterers to the Owners at the same time as the next payment of hire is due.

If the Owners becomes liable under the terms of employment to pay to the Crew any bonus or additional wages in respect of sailing into an area which is dangerous in the manner defined by the said terms, then such bonus or additional wages shall be reimbursed to the Owners by the Charterers at the same time as the next payment of hire is due.

The vessel shall have liberty:

To comply with all orders, directions, recommendations or advice as to departure, arrival, routes, sailing in convoy, ports of call, stoppages, destinations, discharge of cargo, delivery, or in any other way whatsoever, which are given by the Government of the nation under whose flag the Vessel sails, or other Government to whose laws the Owners are subject, or any other Government, body or group whatsoever acting with the power of compel compliance with their order or directions; to comply with the order, directions or recommendations of any war risks Underwriters who have the authority to give the same under the terms of the war risks insurance; to comply with the terms of any resolution of the Security Council of the United Nations, any directives of the European Community, the effective orders of any other Supranational body which has the right to issue and give the same, and with national laws aimed at enforcing the same to which the Owners are subject, and to obey the orders and directions of those who are charged with their enforcement; to divert and discharge at any other port any cargo or part thereof which may render the Vessel liable to

confiscation as a contraband carrier;

To divert and call at any other port to change the Crew or any part thereof of other persons on board the Vessel when there is reason to believe that they may be subject to internment, imprisonment or other sanctions.

If in accordance with their rights under the foregoing provisions of this Clause, the Owners shall refuse to proceed to the loading or discharging ports, or any one of more of them, they shall immediately inform the Charterers.

No cargo shall be discharged at any alternative port without first giving the Charterers notice of the Owners' intention to do so and requesting them to nominate a safe port for such discharge. Failing such nomination by the Charterers within 48 hours of the receipt of such notice and request, the Owners may discharge the cargo at any safe port of their own choice.

If in compliance with any of the provisions of sub-clauses (2) to (7) of this Clause anything is done or not done, such shall not be deemed a deviation, but shall be considered as due fulfilment of this Charter Party.

### ISPS Clause for Time Charter Parties:

(a)    (i) From the date of coming into force of the International Code for the Security of Ships and of Port Facilities and the relevant amendments to Chapter XI of SOLAS (ISPS Code) in relation to the Vessel and thereafter during the currency of this Charter Party, the Owners shall procure that both the Vessel and "the Company" (as defined by the ISPS Code) shall comply with the requirements of the ISPS Code relating to the Vessel and "the Company". Upon request the Owners shall provide a copy of the relevant International Ship Security Certificate (or the Interim International Ship Security Certificate) to the Charterers. The Owners shall provide the Charterers with the full style contact details of the Company Security Officer (CSO).

(ii)Except as otherwise provided in this Charter Party, loss, damage, expense or delay, excluding consequential loss, caused by failure on the part of the Owners or "the Company" to comply with the requirements of the ISPS Code or this Clause shall be for the Owners' account.

(b)    (i)The Charterers shall provide the CSO and the Ship Security Officer (SSO)/Master with their full style contact details and, where sub-letting is permitted under the terms of this Charter Party, shall ensure that the contact details of all sub-charterers are likewise provided to the CSO and the SSO/Master. Furthermore, the Charterers shall ensure that all sub-charter parties they enter into during the period of this Charter Party contain the following provision:

"The Charterers shall provide the Owners with their full style contact details and, where sub-letting is permitted under the terms of the charter party, shall ensure that the contact details of all sub-charterers are likewise provided to the Owners".

(ii) Except as otherwise provided in this Charter Party, loss, damage, expense or delay, excluding consequential loss, caused by failure on the part of the Charterers to comply with this Clause shall be for the Charterers' account.

(c)    Notwithstanding anything else contained in this Charter Party all delay, costs or expenses whatsoever arising out of or related to security regulations or measures required by the port facility or any relevant authority in accordance with the ISPS Code including, but not limited to, security guards, launch services, tug escorts, port security fees or taxes and inspections, shall be for the Charterers' account, unless such costs or expenses result solely from the Owners' negligence. All measures required by the Owners to comply with the Ship Security Plan shall be for the Owners' account.

(d)    If either party makes any payment which is for the other party's account according to this Clause, the other party shall indemnify the paying party.

RIDER CLAUSES TO MV "BRAVE JOHN"/NAVISION C/P dated 18/04/2007

-21-

## INT GROUP A

## STANDARD FORM LETTER OF INDEMNITY TO BE GIVEN IN RETURN FOR DELIVERING CARGO WITHOUT PRODUCTION OF THE ORIGINAL BILL OF LADING

To :        [*insert name of Owners*]                              [*insert date*]
            The Owners of the [*insert name of ship*]
            [*insert address*]

Dear Sirs

Ship:       [*insert name of ship*]

Voyage:     [*insert load and discharge ports as stated in the bill of lading*]

Cargo:      [*insert description of cargo*]

Bill of lading:   [*insert identification numbers, date and place of issue*]

The above cargo was shipped on the above ship by [*insert name of shipper*] and consigned to [*insert name of consignee or party to whose order the bill of lading is made out, as appropriate*] for delivery at the port of [*insert name of discharge port stated in the bill of lading*] but the bill of lading has not arrived and we, [*insert name of party requesting delivery*], hereby request you to deliver the said cargo to [*insert name of party to whom delivery is to be made*] at [*insert place where delivery is to be made*] without production of the original bill of lading.

In consideration of your complying with our above request, we hereby agree as follows :-

7. To indemnify you, your servants and agents and to hold all of you harmless in respect of any liability, loss, damage or expense of whatsoever nature which you may sustain by reason of delivering the cargo in accordance with our request.

7. In the event of any proceedings being commenced against you or any of your servants or agents in connection with the delivery of the cargo as aforesaid, to provide you or them on demand with sufficient funds to defend the same.

7. If, in connection with the delivery of the cargo as aforesaid, the ship, or any other ship or property in the same or associated ownership, management or control, should be arrested or detained or should the arrest or detention thereof be threatened, or should there be any interference in the use or trading of the vessel (whether by virtue of a caveat being entered on the ship's registry or otherwise howsoever), to provide on demand such bail or other security as may be required to prevent such arrest or detention or to secure the release of such ship or property or to remove such interference and to indemnify you in respect of any liability, loss, damage or expense caused by such arrest or detention or threatened arrest or detention or such interference, whether or not such arrest or detention or threatened arrest or detention or such interference may be justified.

RIDER CLAUSES TO MV "BRAVE JOHN"/NAVISION C/P dated 18/04/2007

-22-

7.  If the place at which we have asked you to make delivery is a bulk liquid or gas terminal or facility, or another ship, lighter or barge, then delivery to such terminal, facility, ship, lighter or barge shall be deemed to be delivery to the party to whom we have requested you to make such delivery.

7.  As soon as all original bills of lading for the above cargo shall have come into our possession, to deliver the same to you, or otherwise to cause all original bills of lading to be delivered to you, whereupon our liability hereunder shall cease.

7.  The liability of each and every person under this indemnity shall be joint and several and shall not be conditional upon your proceeding first against any person, whether or not such person is party to or liable under this indemnity.

7.  This indemnity shall be governed by and construed in accordance with English law and each and every person liable under this indemnity shall at your request submit to the jurisdiction of the High Court of Justice of England.

Yours faithfully
For and on behalf of
[*insert name of Requestor*]
The Requestor

......................................
Signature

RIDER CLAUSES TO MV "BRAVE JOHN"/NAVISION C/P dated 18/04/2007

-23-

**INT GROUP B**

## STANDARD FORM LETTER OF INDEMNITY TO BE GIVEN IN RETURN FOR DELIVERING CARGO AT A PORT OTHER THAN THAT STATED IN THE BILL OF LADING

To :        [*insert name of Owners*]                               [*insert date*]
            The Owners of the [*insert name of ship*]
            [*insert address*]

Dear Sirs

Ship:        [*insert name of ship*]

Voyage:      [*insert load and discharge ports as stated in the bill of lading*]

Cargo:       [*insert description of cargo*]

Bill of lading:   [*insert identification number, date and place of issue*]

The above cargo was shipped on the above ship by [*insert name of shipper*] and consigned to [*insert name of consignee or party to whose order the bill of lading is made out, as appropriate*] for delivery at the port of [*insert name of discharge port stated in the bill of lading*] but we, [*insert name of party requesting substituted delivery*], hereby request you to order the ship to proceed to and deliver the said cargo at [*insert name of substitute port or place of delivery*] against production of at least one original bill of lading.

In consideration of your complying with our above request, we hereby agree as follows :-

5.  To indemnify you, your servants and agents and to hold all of you harmless in respect of any liability, loss, damage or expense of whatsoever nature which you may sustain by reason of the ship proceeding and giving delivery of the cargo against production of at least one original bill of lading in accordance with our request.

5.  In the event of any proceedings being commenced against you or any of your servants or agents in connection with the ship proceeding and giving delivery of the cargo as aforesaid, to provide you or them on demand with sufficient funds to defend the same.

5.  If, in connection with the delivery of the cargo as aforesaid, the ship, or any other ship or property in the same or associated ownership, management or control, should be arrested or detained or should the arrest or detention thereof be threatened, or should there be any interference in the use or trading of the vessel (whether by virtue of a caveat being entered on the ship's registry or otherwise howsoever), to provide on demand such bail or other security as may be required to prevent such arrest or detention or to secure the release of such ship or property or to remove such interference and to indemnify you in respect of any liability, loss, damage or expense caused by such arrest or detention or threatened arrest or detention or such interference, whether or not such arrest or detention or threatened arrest or detention or such interference may be justified.

RIDER CLAUSES TO MV "BRAVE JOHN"/NAVISION C/P dated 18/04/2007
-24-

5.  The liability of each and every person under this indemnity shall be joint and several and shall not be conditional upon your proceeding first against any person, whether or not such person is party to or liable under this indemnity.

5.  This indemnity shall be governed by and construed in accordance with English law and each and every person liable under this indemnity shall at your request submit to the jurisdiction of the High Court of Justice of England.

Yours faithfully
For and on behalf of
[*insert name of Requestor*]
The Requestor


.........................................
Signature

RIDER CLAUSES TO MV "BRAVE JOHN"/NAVISION C/P dated 18/04/2007
-25-

## INT GROUP C

## STANDARD FORM LETTER OF INDEMNITY TO BE GIVEN IN RETURN FOR DELIVERING CARGO AT A PORT OTHER THAN THAT STATED IN THE BILL OF LADING AND WITHOUT PRODUCTION OF THE ORIGINAL BILL OF LADING

To :        [*insert name of Owners*]                                    [*insert date*]
            The Owners of the [*insert name of ship*]
            [*insert address*]

Dear Sirs

Ship:       [*insert name of ship*]

Voyage:     [*insert load and discharge ports as stated in the bill of lading*]

Cargo:      [*insert description of cargo*]

Bill of lading:   [*insert identification number, date and place of issue*]

The above cargo was shipped on the above vessel by [*insert name of shipper*] and consigned to [*insert name of consignee or party to whose order the bills of lading are made out, as appropriate*] for delivery at the port of [*insert name of discharge port stated in the bills of lading*] but we, [*insert name of party requesting substituted delivery*], hereby request you to order the vessel to proceed to and deliver the said cargo at [*insert name of substitute port or place of delivery*] to [*insert name of party to whom delivery is to be made*] without production of the original bill of lading.

In consideration of your complying with our above request, we hereby agree as follows :-

8.      To indemnify you, your servants and agents and to hold all of you harmless in respect of any liability, loss, damage or expense of whatsoever nature which you may sustain by reason of the ship proceeding and giving delivery of the cargo in accordance with our request.

8.      In the event of any proceedings being commenced against you or any of your servants or agents in connection with the ship proceeding and giving delivery of the cargo as aforesaid, to provide you or them on demand with sufficient funds to defend the same.

8.      If, in connection with the delivery of the cargo as aforesaid, the ship, or any other ship or property in the same or associated ownership, management or control, should be arrested or detained or should the arrest or detention thereof be threatened, or should there be any interference in the use or trading of the vessel (whether by virtue of a caveat being entered on the ship's registry or otherwise howsoever), to provide on demand such bail or other security as may be required to prevent such arrest or detention or to secure the release of such ship or property or to remove such interference and to indemnify you in respect of any liability, loss, damage or expense caused by such arrest or detention or threatened arrest or detention or such interference, whether or not such arrest or detention or threatened arrest or detention or such interference may be justified.

RIDER CLAUSES TO MV "BRAVE JOHN"/NAVISION C/P dated 18/04/2007
-26-

8.   If the place at which we have asked you to make delivery is a bulk liquid or gas terminal or facility, or another ship, lighter or barge, then delivery to such terminal, facility, ship, lighter or barge shall be deemed to be delivery to the party to whom we have requested you to make such delivery.

8.   As soon as all original bills of lading for the above cargo shall have come into our possession, to deliver the same to you, or otherwise to cause all original bills of lading to be delivered to you.

8.   The liability of each and every person under this indemnity shall be joint and several and shall not be conditional upon your proceeding first against any person, whether or not such person is party to or liable under this indemnity.

8.   This indemnity shall be governed by and construed in accordance with English law and each and every person liable under this indemnity shall at your request submit to the jurisdiction of the High Court of Justice of England.


Yours faithfully
For and on behalf of
[insert name of Requestor]
The Requestor



........................................
Signature