EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FLORA MARITIME LTD.,

                Plaintiff,

             -against-

INTER ELTRA INTERNATIONAL GMBH,
INTER ELTRA GROUP, INTER ELTRA
GLOBAL STL, ELTRA-ZAREVODAR,
MISHAN AGRO, ALPHAMATE LIMITED,
AGROCOM TRADERS AND BROKERS
OHG, AGROCOM BROKERS AND
TRADERS OHG, RENE EIKEL, MICHAELA
EIKEL, NATHALIE EIKEL, and ANDREY
LYUMBIMOV,

                Defendants.
------------------------------------------------------------X

06 Civ. 6372 (RMB)

**ORDER**

### I.   Background

On or about August 22, 2006, Flora Maritime Ltd. ("Plaintiff") filed a complaint ("Complaint") against Inter Eltra International GMBH ("Inter Eltra"), alleging that Inter Eltra breached a maritime contract (the "charter-party"), dated August 11, 2006, to ship a cargo of barley on Plaintiff's vessel, and seeking damages of $370,000 and "issuance of process of maritime attachment so that it may obtain security for its claims." (Complaint at 4-5.) On the same day, the Court ordered that process of maritime attachment be issued pursuant to Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B"). (See Order dated Aug. 22, 2006.) On or about August 23, 2006, Plaintiff amended the Complaint to seek damages of $510,940. (See First Amended Verified Complaint dated Aug. 23, 2006.)

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 21, 2007
```

On or about September 29, 2006, Plaintiff, with permission of the Court (see Memo Endorsed letter dated Sept. 29, 2006), filed a Second Amended Verified Complaint which added as a defendant Agrocom Traders and Brokers OHG and Agrocom Brokers and Traders OHG ("Agrocom"). (See Second Amended Verified Complaint dated Sept. 29, 2006.) On or about March 12, 2007, Plaintiff, again with permission of the Court (see Memo Endorsed letter dated Mar. 7, 2007), filed a Third Amended Verified Complaint which added as defendants Inter Eltra Group, Inter Eltra Global SRL, Eltra-Zarevodar, Mishan Agro, Alphamate Limited, Rene Eikel, Michaela Eikel, Nathalie Eikel, and Andrey Lyumbimov. (See Third Amended Verified Complaint ("Third Am. Compl."), dated Mar. 12, 2007.) The Second and Third Amended Verified Complaints state that Plaintiff "has a valid in personam claim" against the added defendants "based upon alter ego liability." (Third Am. Compl. at 8.) On September 29, 2007, and again on March 13, 2007, the Court ordered that process of maritime attachment be issued pursuant to Rule B against all defendants. (See Orders dated Sept. 29, 2006; Mar. 13, 2007.)

By Order to Show Cause, dated May 2, 2007, defendants Agrocom, Alphamate Limited, Rene Eikel, Michaela Eikel, Nathalie Eikel, and Andrey Lyubimov ("Defendants" or "Moving Defendants") filed a motion to vacate the maritime attachments against them ("Motion to Vacate") pursuant to Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule E"), arguing that (1) "[P]laintiff's alter ego allegations are too conclusory, too superficial and too lacking in evidentiary substance to support admiralty jurisdiction" and (2) the Third Amended Verified Complaint and the Order for Issuance of a Process of Maritime Attachment dated March 13, 2007 ("March 13 Order"), "are

2

defective in several crucial respects." (Def. Mem. at 1, 3, 16 ("those documents do not identify all of the moving defendants" and "there is no defendant GUJARAT in this case").)[1]

On or about May 10, 2007, Plaintiff opposed Defendants' Motion to Vacate, arguing that "Plaintiff has adequately alleged a prima facie alter-ego claim against the Moving Defendants," whose arguments to the contrary "ignore the recent case law of this district and are unavailing." (Pl. Mem. at 3.)[2]

On May 10, 2007, the Court held a post-attachment hearing pursuant to Rule E. (See Hearing Transcript, May 10, 2007.)

**For the reasons stated below, Defendants' Motion to Vacate is denied.**

**II.  Legal Standard**

Rule B is "a relatively broad maritime attachment rule, under which the attachment is quite easily obtained," and a maritime attachment "may be vacated only in certain limited circumstances." Aqua Stoli Shipping Ltd. v. Gardner Smith Pty. Ltd., 460 F.3d 434, 443-45 (2d Cir. 2006). An attachment should not be vacated if the plaintiff shows that it "has satisfied the requirements of Rules B and E," including, among other things, that "it has a valid prima facie admiralty claim against the defendant." Id. at 445. A plaintiff "need not provide any supporting evidence" to oppose a motion to vacate an attachment, "its complaint should suffice," and "the basis of defendant's argument" to vacate an attachment "may [not] be that plaintiff has not provided sufficient evidence of such a claim." Tide Line, Inc. v. Eastrade Commodities, Inc., No. 06 Civ. 1979, 2006 U.S. Dist. LEXIS 95870, at *16, 22 (S.D.N.Y. Aug. 15, 2006).

---

[1] Defendants' memorandum of law states that Plaintiff incorrectly sued Defendant Andrey Lyubimov as "Andrey Lyumbimov." (Def. Mem. at 1.)

[2] Plaintiff does not address Defendants' claim that the Third Amended Verified Complaint and March 13 Order contain defects.

3

### III. Analysis

#### (1) Alter Ego Claims

Defendants argue that the Third Amended Verified Complaint "does not assert any involvement by the moving defendants in the charter-party," and "[P]laintiff has offered no evidence of any kind to support its alter ego allegations involving the moving defendants." (Def. Mem. at 10, 13 (emphasis original).) Plaintiff responds that it has "properly alleged a legally sufficient claim for alter-ego liability against the moving defendants" and "has set forth facts upon which its claim is based." (Pl. Mem. at 11.)

To establish a prima facie admiralty claim, Rule E requires that a complaint "state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." Fed. R. Civ. P. Supp. Rule E(2)(a).

The Third Amended Verified Complaint cites several grounds for Plaintiff's claim that Defendants are alter egos of Inter Eltra, including, among others, "such unity of ownership" that "the corporate form of [Inter Eltra] has been disregarded"; "overlapping ownership, management, personnel and purposes" such that Inter Eltra and Defendants "did not operate at arms length"; "common addresses [and] common contact information"; and "intermingling of funds." (Third Am. Compl. at 7-8.) These factors are "among the list of factors a court may consider when alter ego status has been pled, and are sufficient to state a valid admiralty claim." SPL Shipping Ltd. v. Gujarat Cheminex Ltd., 06 Civ. 15375, 2007 U.S. Dist. LEXIS 18562, at *11 (S.D.N.Y. Mar. 15, 2007); see also Wm. Passalacqua Builders v. Resnick Developers S., 933 F.2d 131, 139 (2d Cir. 1991). Defendants "can hardly argue that [they] ha[ve] been unable to commence an investigation of the facts and frame a responsive pleading, because [they] ha[ve]

4

already done both." Wajilam Exp. (Singapore) Pte. Ltd. v. ATL Shipping Ltd., 475 F. Supp. 2d 275, 282 (S.D.N.Y. 2006).

Defendants' argument that Plaintiff has failed to offer "evidence of any kind to support its alter ego allegations" is unpersuasive. (See Def. Mem. at 13.) Among other things, Plaintiff submitted a number of exhibits in support of its alter ego claims, including financial statements and other documents which indicate overlapping ownership and management among Inter Eltra and the Moving Defendants. (See Plaintiff's Declaration in Opposition to Defendants' Motion, Ex. 3-4.) Defendants' "arguments go to the ultimate merits of the claims," World Reach Shipping Ltd. v. Indus. Carriers Inc., No. 06 Civ. 3756, 2006 U.S. Dist. LEXIS 83224, at *7 (S.D.N.Y. Nov. 9, 2006), while, at this stage, the Court must "look only to Plaintiff's pleadings, and not to any evidence submitted by the parties, to determine whether Plaintiff has made a legally sufficient claim." SPL Shipping Ltd., 2007 U.S. Dist. LEXIS 18562, at *10. In conformity with the requirements of Rule B and E, Plaintiff has "allege[d] sufficient facts to support an inference" of alter ego liability. Wajilam Exp. (Singapore) Pte. Ltd., 475 F. Supp. 2d at 283.

### (2) Defective Pleadings

Defendants argue that "in paragraph Forty-fifth of its Third Amended Verified Complaint," Plaintiff states that Defendants "'are the alter-egos of Defendant GUJARAT'," although "there is no defendant in this case named GUJARAT." (Def. Mem. at 16-17.) Defendants argue that "[a]lthough this undoubtedly is a typographical error," it occurs "in the very paragraph asserting the ultimate allegation of alter ego liability to sustain maritime jurisdiction over the moving defendants." (Def. Mem. at 17.) Defendants also state that the

March 13 Order "does not name [all] of the moving defendants." (Def. Mem. at 16.) Plaintiff does not dispute Defendants' arguments that Plaintiff's submissions contain defects.

Pursuant to the "liberal policy in non-habeas civil proceedings of allowing amendments to correct a defective pleading," the Court will allow Plaintiff ten days from the date of this Order to correct these errors by filing a Fourth Amended Verified Complaint, along with a request for an amended Order for Issuance of a Process of Maritime Attachment pursuant to Rule B. See Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 815 (2d Cir. 2000).

### IV.  Conclusion and Order

For the reasons stated herein, Defendants' Motion to Vacate is denied. Defendants' assets shall remain attached per the terms of the March 13 Order, which is construed to apply to all named defendants. Plaintiff shall file a Fourth Amended Verified Complaint and a request for an amended Order for Issuance of a Process of Maritime Attachment in accordance with the determinations in this Order, on or before July 5, 2007.

Dated: New York, New York
       June 21, 2007

_____
RICHARD M. BERMAN, U.S.D.J.