# Paré
# Exhibit B

## REPLY DECLARATION OF ERNEST TAI MING YANG

I, ERNEST TAI MING YANG of Messrs Dibb Lupton Alsop (now DLA Piper), of 29th Floor Bank of China Tower, 1 Garden Road, Central, Hong Kong Special Administrative Region, MAKE OATH AND SAY AS FOLLOWS:-

1.  I have previously provided my background in my Declaration dated 29 January 2008.  I have now read the Declarations of Mr. Carsten Bober, Mr Nikolai Christopher Ivanov and Mr Huang Shun Gang together with attachments to these Declarations.  I write to provide my reply on issues of English law.  Hence in my Declaration my focus shall be responding to the points made by Mr. Ivanov.  I will use the same definitions / terms as in my Declaration for ease of reference.

2.  I note that Mr. Ivanov has referred to a head charterparty dated 18 April 2007 between Orestia Shipping Ltd ("Orestia") as owners and Navision Shipping Company A/S ("Navision") as charterers, attached as Exhibit "1" to Mr Bober's Declaration.  I note that this charterparty is unsigned.  I have now seen a copy of the Charterparty dated 12 July 2007 between Oresteia and Charterers.  I have no information to determine who are the true contract parties to the Charterparty and will not deal with this point further.  The two contracts appear to contain, for relevant purposes, the identical terms and conditions. In particular, both are on the NYPE 1946 form and contain the following relevant clauses:-

> 8.  *That the Captain ... shall be under the orders and directions of the Charterer as regards employment and agency; and Charterers are to load, stow ... the cargo at their expense under the supervision of the Captain, who is to sign or when required by Charterers, authorise the Charterers or their agents to sign Bills of Lading on his behalf for cargo as presented, in conformity with Mate's receipts.*
>
> *Clause 42:  Bills of Lading*
>
> *Charterers' Bills of Lading to be used if required by Charterer...*
> *...*
> *Charterer to make best endeavours to incorporate a lien clause in all bill(s) of lading issued under this Charter Party. Charterers to accept all consequences that might result from charterers and /or their agents not adhering strictly to their authority.*

Both charterparties also call for London arbitration and for English law to apply in identical clauses 17 and 39.  I also note there is a reference to a further sub-charter (see Ivanov Declaration, ¶ 2(b)), but I have seen no such other charterparty.

3

3.  In my view, given the similarity between the two charterparties, there is no difference to my opinion below regardless of whether the charter was between Oresteia and Charterers, or if there were two separate charters, one between Oresteia and Navision, and the other between Navision and Charterers. The only difference would be that, in addition to the points raised below, in the absence of any charterparty between Navision and Charterers, Navision would have no cause of action against Charterers or SA.

4.  I understand it to be Navision's assertion in their cause against SA that the latter should be liable to Navision, under English law, based on the following premises:-

    (a)  the Charterparty allegedly required Charterers to obtain a written letter of authority from the Master in order for SA to sign bills of lading and Charterers had a "*positive duty*" to issue bills of lading that protected Navison's lien rights;

    (b)  the Master authorised SA to issue bills of lading, but only under strict terms of an "*authority*" to which SA allegedly agreed;

    (c)  SA (i) issued bills of lading that have failed to protect Navision's lien rights and (ii) in any event issued some bills marked "freight prepaid" and these barred Navision from exercising their rights of lien under such bills of lading thereby preventing Navision from securing their claim for non-payment of hire by Charterers.

    I will address the various aspects of these premises below.

5.  Before doing so, however, I will address what appears to be an overarching point that Navision and the Ivanov Declaration essentially ignore.

**There was no impediment to Navision liening cargo under the "<u>freight collect</u>" <u>Bills of Lading</u>**

6.  The Bills of Lading (attached) show that most of the cargo on the Vessel was carried under "freight collect" Bills of Lading (Exhibit "1") and not under "freight prepaid" Bills of Lading (Exhibit "2"). In particular cargo covered by the freight collect bills amount to some 4,676 bundles (tally of Exhibit A bills) stowed in 3 holds (see below) whereas the freight prepaid bills amount to only 1,120 bundles and 154 coils (tally of Exhibit B bills) stowed in 2 holds (see below). It therefore appears that by far the larger quantity of cargo was carried under "freight collect" bills.

2

7.    It is also suggested in the Ivanov Declaration (¶ 3(j)) that the existence of freight collect bills does not *"extinguish Navision's cause of action"*, but that this *"may effect the quantum of any claim"*. That argument ignores a critical point. Navision and Mr Ivanov assume the 4,676 bundles of steel carried under freight collect bills of lading did not have sufficient value to cover Navision's total hire claim of $2,694,270.59 including interest and costs. I cannot see any basis in the known facts to warrant this assumption. It would be unusual for cargo not to have a value of at least several times the value of the freight costs of carrying the cargo. In any event, if the value of that freight collect cargo stowed in 3/5ths of the Vessel was at least equivalent to Navision's hire claim, the possibility of liening that cargo would in fact appear to entirely extinguish Navision's alleged cause of action against SA. At the very least, because there was no impediment to liening the cargoes covered by the freight collect Bills of Lading, Navision's cause of action against SA must necessarily be reduced in amount by the actual value of that cargo.

8.    It has also been suggested that the cargo carried under the freight collect bills may not have been *"clearly separable and/or identifiable etc."*, and therefore possibly difficult to lien (Ivanov ¶ 3(j)). There appears to be no basis for any such suggestion. I have been shown and I attach as Exhibit "3" loading documents which separately identify the cargo carried under each of the Bills of Lading. By matching up these loading documents and the Bills of Lading in Exhibits "1" and "2" one finds the following:-

       (a)    All the cargo carried under freight prepaid Bills of Lading bound for Spain was loaded in hold No. 4. This includes the following cargo quantities on the mates receipts:

                   628 bundles
                   40 bundles
                   16 bundles
                   21 bundles
                   38 bundles
                   39 bundles

       (b)    All the cargo carried under freight prepaid Bills of Lading bound for Italy was loaded in Hold No. 2 (except for 67 bundles or the 174 bundles stowed in Hold No. 1). This includes the following cargo quantities on mates receipts:

                   23 bundles
                   20 bundles
                   133 bundles
                   4 bundles
                   44 bundles

3

94 bundles
107 bundles of 174

(c)     All the freight collect cargo was bound for Italy and it was loaded in Hold Nos. 1, 2 Lower Hold, 3 and 5 according to cargo quantities as follows:

234 bundles – hold 5
971 bundles – hold 2, lower hold
1076 bundles – 1 lower hold = 568; 2LH- 22; 5LH = 516
174 bundles – 1 hold = 67; (2 hold – 107 as shown in b above)
703 bundles – 3 hold
97 bundles – 3 hold
162 bundles – 3 hold = 24; 5 hold = 138
223 bundles – 5 hold
146 bundles – 5 hold
239 bundles – 3 hold
173 bundles – 1 hold
198 bundles – 1 hold
141 bundles – 1 hold
139 bundles – 2 lower hold

9.     There are three further points I should add:-

(1)     First, I note that there is some speculation that a third charterparty may exist and it may be the charter that was incorporated into the bills of lading rather than either of the two identified and apparently identical charters referred to above. I cannot say whether a third charterparty exists, but can say I have seen no references to one so far. It should also be noted that most charterparty standard forms do contain a lien clause.

(2)     Second, it has been suggested that the standard Congenbill 1994 wording might not have been included on the reverse of the bills used in this case (Ivanov Declaration ¶ 2(a)). Again, I will leave it to others to establish whether this was the case, but I note that reference to the Congenbill 1994 form appears in the copies of the front side of the bills, and Mr. Ivanov concedes that the standard language of these bills would duly incorporate any lien clause in the referenced charter (Ivanov Declaration at ¶ 2(a)).

(3)     Third, I note at various places it has been urged that the issuance of antedated bills or those which fail to incorporate the terms of a survey report were wrongful and even fraudulent. Whether this is the case, issuance of such bills, if any, is irrelevant to Navision's assertion and alleged cause of action because this is based entirely

4

on alleged infringement of Navision's right of lien by a possible, alleged failure to incorporate a lien clause in the Bills of Lading and issuance of *some* freight prepaid bills. The alleged antedating of any bills or the alleged failure to incorporate a survey report in bills has nothing to do with this assertion.

10.    In conclusion, assuming the value of the cargo carried under the freight collect bills is in the same amount as Navision's claim for hire, it appears that there is no basis to allege that a cause of action exists under English law against SA for its issuance of freight prepaid Bills of Lading. In any event, the amount of Navision's claim must be reduced by the value of the cargo carried under the freight collect bills as there was no apparent prohibition from Navision liening such cargo.

**It was not necessary under the Charterparty clauses to obtain written authority from the Master, and he had no right to refuse to authorise or set new conditions respecting the issuance of the bills**

11.    Navision suggest that the written authority sought by the Master in this case was *"envisaged and indeed required"* under the Charterparty (see Ivanov ¶ 11). This conclusion is entirely unwarranted under the relevant Charterparty terms under English law.

12.    The Charterparty does not give the Master a right to freely set conditions not contained in the Charterparty for providing any authorisation, for the following reasons:-

(1)    Clause 8 provides that the Captain *"…is to sign or when required by Charterers, **authorize** the Charterers or their agents to sign Bills of Lading."* (emphasis added). In the passage in <u>Wilford on Time Charters</u> set out at footnote 6 on page 5 of Mr. Ivanov's Declaration, the authors take the view that where there is actual authority given *"either by special charter clause to that effect or by agreement after the charter is signed, then there is **no doubt** that the charterers or their agents may bind the owners"* (emphasis added). This suggests that any requirement for authority to be given expressly is simply to make things beyond doubt, but is not a *sine qua non* of Charterers' right to sign bills of lading.

(2)    Clause 8 states the Captain must give authorisation to Charterers *"when required"* by the latter. This suggests that it is mandatory for the Master to grant the authorisation and he has no choice. It would also be inconsistent to suggest that the Master can impose any proviso or condition to the grant of authorisation. He cannot, for example, demand that the Charterers make a US$1 million *ex gratia* payment for the privilege of getting such authorisation. As

such, there would also be no entitlement for the Master to impose any other conditions that is at variance with the obligations of the parties under the Charterparty. The most that can be said is that clause 42 requires the Charterers to exercise *"best endeavours to incorporate a lien clause"*. It does appear that a lien clause was incorporated as discussed.

(3)    It is noted that at footnote 4 on page 4 of Mr Ivanov's Declaration he has referred the Court to the *"background"* to *The Nanfri*, but does not suggest that a charterer under a time charter should only have the right to insist on the issue of freight prepaid bills for the Great Lakes grain trade. In my view, there is nothing to suggest that the principles in *The Nanfri* should be so restricted especially when freight prepaid bills are commonly required in ocean trades generally.

13.    Returning to paragraph 12(2) above, the words *"best endeavours"* mean that there is no absolute duty under the Charterparty upon the Charterers to incorporate a lien clause.

14.    In any event, in respect of any possible breach, clause 42 also provides that the Charterers shall accept *"all consequences that might result from charterers and/or their agents no adhering strictly to their authority"* Hence, the Charterparty itself provides the remedy for any possible failure relating to issuance of bills of lading by either Charterers or SA that did not adhere strictly to signing authorisation. In other words, even if SA signed bills without authority, the remedy envisaged for that under the Charterparty is that Charterers would indemnify Navision for this.

15.    Further, I note that the Master's alleged "authorisation" is conflicting at best since paragraph 2 thereof requires that bills be issued in accordance with mates' receipts and the mates' receipts corresponding to the freight prepaid bills also bear the notation "freight prepaid".

**Lack of agreement between Navision and SA**

16.    It is argued that SA *"elected to enter into an agreement with Navision"* (Ivanov Declaration ¶ 1(h)) and that *"Mr Zhuo's signature is a clear and unequivocal acceptance and agreement by Shanghai Fareast to be bound by the terms and conditions contained in the Letter of Authorisation"* and that this *"formed a separate and enforceable agreement"* (Ivanov Declaration ¶ 1(g)). Volume 1, Chitty on Contracts (2004 London Sweet & Maxwell) at ¶ 12-043 is apparently cited for the proposition that the remark *"rcvd this letter"* shows an intention by SA to be bound.

17.   There is, however, nothing in the quoted section of Chitty on Contracts which indicates the notation "*rcvd this letter*" shows an intention to be bound. Instead, this section merely outlines the general principles that the intention of the parties is to be objectively determined, and that the "*cardinal presumption is that the parties have intended what they in fact said*". This section of Chitty on Contracts addresses "*General Rules of Construction*" for interpretation of the terms of an undisputed contract. It is then urged by Mr. Ivanov that the notation "*rcvd this letter*" does not "*convey an intention **not** to be bound*." (emphasis added).

18.   With due respect, this has exactly backwards the critical principle under English law for the formation of contracts, which requires clear and positive acceptance for contracts to be formed.

19.   The more relevant section in Chitty on Contracts is the one dealing with "Acceptance", beginning at § 2-025. As § 2-025 makes clear:-

> ***Acceptance defined.*** *An acceptance is a **final and unqualified** expression of assent to the terms of an offer. The objective test of agreement applies to an acceptance no less than an offer. On this test, a mere acknowledgement of an offer would not be an acceptance; nor would a person to whom an offer to sell goods had been made accept it merely by replying that it was his "intention to place an order" or by asking for an invoice. The mere acknowledgement of an offer, in the sense of a communication stating **simply that the offer had been received, would likewise not be an acceptance**.*

(Emphasis added)

20.   The more relevant principle of English law is thus that an acceptance of an offer which is capable of creating a new contract must be "*final and unqualified*". A simple statement, without other relevant circumstances, that an offer has been "*rcvd*", does not, under English law, amount to a "*final and unqualified*" acceptance.

21.   There also appears to be an absence of intention between Navision and SA for separate contractual relations to be created. Intention (determined objectively) to create legal relations is precondition for a contract to be validly formed. The known facts show that SA issued bills of lading on instructions from the Charterers (see Exhibit 3 to Mr. Zhuo Zhonggen's Declaration dated 28 January 2008). There is therefore no reason for SA to take on separate contractual responsibility to anyone for the issuance of the Bills of Lading.

22.   There also appears to be nothing to gain for SA to undertake such separate contractual responsibility.  Consideration is also a precondition for a contract to be validly formed.

**Navision appears to have clear lien rights in respect of the "freight collect" Bills of Lading**

23.   As already indicated, the evidence I have reviewed shows that the Congenbill 1994 standard form bill of lading were apparently used and it was conceded that this would incorporate a lien clause if it was contained in a referenced charter.   Further, the only identified charter parties in this case both contained identical lien clauses.  Unless other different bills of lading or charterparties were used (and there appears to be no evidence to this effect) it appears that Navision had the clear right to lien cargoes carried under the freight collect Bills of Lading. If the value of the cargo exceeded Navision's claim for hire, there appears to be no arguable basis under English law on which to urge that a cause of action exists against SA for allegedly violating Navision's lien rights by the issuance of *some* freight prepaid Bills of Lading, even if these were not authorised.

   I state under penalty of perjury of the laws of the United States that the foregoing is true to the best of my knowledge and belief and that the opinions I have expressed are correct.

_____
Ernest Tai Ming Yang, DLA Piper Hong Kong

Executed on: March 6, 2008
                   Hong Kong, China

# Yang
# Exhibit 1

上 海 瀚 翱 国 际 物 流 有 限 公 司
SHANGHAI HI-LINKS INTERNATIONAL LOGISTICS CO.,LTD.

JIANGSU HUANG STEEL PIPE CO. LTD
Y G, WAI, JIANGSU, P. R. CHINA
TEL +86-510-3897771 FAX:+86-510-3889771

收 货 单
MATE'S RECEIPT

| 托运人<br>Shipper: | | | | |
|---|---|---|---|---|
| 船 名<br>Name of Vessel: | BRAVE JOHN | | 航 次<br>Voyage: | 7111 |
| 航 号<br>D/R NO.: | BEJSBA001 | | 目 的 港<br>Port of Destination: | LA SPEZIA ITALY |

| 标记及号码<br>Marks & Nos. | 件 数<br>Quantity | 货 名<br>Description of Goods | 重量公斤<br>Weight Kilos | |
|---|---|---|---|---|
| | | | 净 重<br>Net Weight | 毛 重<br>Gross Weight |
| N.M | 364<br>BUNDLES | PRIME QUALITY NEWLY PRODUCED SELF<br>COLOUR(BLACK)SQUARE AND<br>RECTANGULAR COLD FINISHED HOLLOW<br>SECTIONS | 510.950K | 正<br>收<br>货<br>联 |
| | | SAY ONE HUNDRED AND THIRTY FOUR BUNDLES | 吸 路<br>Measurement | |
| 合 计 件 数（大写）<br>Total Number of Packages in Words | | | 运费付款方式 (Payment)<br>FREIGHT PREPAID | |

在符上述完好状况之货物装船后带签署收货单
Receive on board the abovementioned goods apparent in good order and condition, sign the accompanying receipt for the same

| 日期<br>Date | | 时间<br>Time | |
|---|---|---|---|
| 装入何处<br>Stowed | | | |
| 其 收<br>Received | | | |
| 理货员签名<br>Tallied By | | 大副签名<br>Chief Officer | |

通知人<br>Notify Party:

收货人<br>Consignee:

Yms Ex 1

JIANGSU, 214183 P. R. CHINA

**Consignee**

TO THE ORDER

**Notify address**

AROSTEEL SRL
VIA CECATI N.3
42100 REGGIO EMILIA (RE)

**Vessel**                          **Port of loading**

BRAVE JOHN V. 7T11           SHANGHAI PORT, CHINA

**Port of discharge**

LA SPEZIA, ITALY

ORIGINAL

| **Shipper's description of goods** | | **Gross weight** |
|---|---|---|
| N/M. | 234 BUNDLES | PRIME QUALITY NEWLY PRODUCED SELF COLOUR (BLACK) SQUARE AND RECTANGULAR COLD FINISHED HOLLOW SECTIONS IN QUALITY S355J2H COMPLYING WITH THE EUROPEAN STANDARD SPECIFICATION EN 10219 CLEAN ON BOARD 2 2 AUG 2007 | 519.920MT |

SAY TWO HUNDRED AND THIRTY FOUR BUNDLES ONLY.

FREIGHT PAYABLE AT DESTINATION
COLLECT

(Of which ................ on deck at Shipper's risk; the Carrier not being responsible for loss or damage howsoever arising)

**SHIPPED** at the Port of loading in apparent good order and condition on board the Vessel for carriage to the port of Discharge or so near thereto as she may safely get the goods specified above.

Freight payable as per CHARTER-PARTY dated ......................

FREIGHT ADVANCE.
Received on account of freight:

Weight, measure, quality, quantity, condition, contents and value Unknown.
IN WITNESS where of the Master or Agent of the said Vessel has signed the number of Bills of Lading indicated below all of this tenor and date, any one of which being accomplished the others shall be void.

FOR CONDITIONS OF CARRIAGE SEE OVERLEAF

Time used for loading ................days ................ hours.

| **Freight payable at** | **Place and date of issue** SHANGHAI |
|---|---|
| **Number of original Bs/L** THREE | **Signature** 上海远东环球国际船舶代理有限公司 SHANGHAI FAR-EAST INTERNATIONAL SHIPPING AGENCY CO. LTD. |

2 2 AUG 2007

GENERAL MANAGER
AS AGENTS BY AND ON BEHALF O
MASTER OF MV BRAVE JOHN

Printed and sold by
Fr. G. Knudzons Bogtrykkeri A/S, 55 Toldbodgade, Dk-1253 Copenhagen k.
Telefax 45 33 93 1184
by authority of The Baltic and International Maritime Council
(BIMCO), Copenhagen.

上 海 瀚 翎 国 际 物 流 有 限 公 司
SHANGHAI HI-LINKS INTERNATIONAL LOGISTICS CO.,LTD.
WUXI WUANG PRECISE STEEL PIPE CO.,LTD.
WUXI, WUXI, JIANGSU, P. R. CHINA
TE:+86-510-36097771 FAX:+86-510-36090771

收 货 单
MATE'S RECEIPT

托运人
Shipper : _____

船 名                                                    航 次
Name of Vessel : BRAVE JOHN                        Voyage : 711

编 号                                                    目 的 港
D/R NO. : U848RG602                    Port of Destination : LA SPEZIA, ITALY

| 标记及号码 Marks & Nos. | 件 数 Quantity | 货 名 Description of Goods | 重量公斤 Weight Kilos | |
| --- | --- | --- | --- | --- |
| | | | 净 重 Net Weight | 毛 重 Gross Weight |
| N/M | 971 PACKAGES | HOLLOW SECTIONS | | 729,03 MT |
| | | | 状 码 Measurement | |
| | | SAY NINE HUNDRED AND SEVENTY ONE PACKAGES | | |

共计件数（大写）:
Total Number of Packages in Words

运费付款方式 (Payment)
FREIGHT COLLECT

五、收货联

按照上述完好状况之货物装船后签署收货单
Receive on board the abovementioned goods apparent in good order and condition, sign the accompanying receipt for the same

日期
Date  08-21 2007

时间
Time  MASTER REMARK

装入何处
Stowed  N/H

完 状
Received  971 PKGS

理货员签名
Tallied by

大副签名
Chief Officer

通知人
Notify Party

收货人
Consignee :

TE:+86-510-3897771 FAX:+86-510-3889771

**Consignee**

TO THE ORDER OF ARO STEEL S.R.L.

**Notify address**

AROSTEEL S.R.L.
VIA CAVOUR, 39
43100 PARMA, ITALY

| Vessel | Port of loading |
|---|---|
| BRAVE JOHN V. 7T11 | SHANGHAI PORT, CHINA |

**Port of discharge**

LA SPEZIA, ITALY

ORIGINAL

| Shipper's description of goods | | Gross weight |
|---|---|---|
| N/M | 971 BUNDLES | PRIME QUALITY NEWLY PRODUCED SELF COLOUR (BLACK) SQUARE AND RECTANGULAR COLD FINISHED HOLLOW SECTION IN QUALITY S355J2H COMPLYING WITH THE EUROPEAN STANDARD SPECIFICATIONS EN 10219 CLEAN ON BOARD 22 AUG 2007 | 2239.314MT |

SAY NINE HUNDRED AND SEVENTY ONE BUNDLES ONLY.

FREIGHT COLLECT

(Of which ................................. on deck at Shipper's risk: the Carrier not being responsible for loss or damage howsoever arising)

Freight payable as per CHARTER PARTY dated........................

FREIGHT ADVANCE.
Received on account of freight.........................

Time used for loading ........................days ........................ hours.

**SHIPPED** at the Port of loading in apparent good order and condition on board the Vessel for carriage to the port of Discharge or so near thereto as she may safely get the goods specified above.

Weight, measure, quality, condition, contents and value Unknown.

IN WITNESS where of the Master or Agent of the said Vessel has signed the number of Bills of Lading indicated below all of this tenor and date, any one of which being accomplished the others shall be void.

FOR CONDITIONS OF CARRIAGE SEE OVERLEAF

| Freight payable at | Place and date of issue |
|---|---|
| | SHANGHAI |
| **Number of original Bs/L** | Signature |
| THREE | 上海远东环球国际船舶代理有限公 SHANGHAI FAREAST INTERNATIONAL SHIPPING AGENCY CO |
| | 22 AUG 200 GENERAL MANA |

Printed and sold by
Fr. G. Knudtzons Bogtrykkeri A/S, 55 Toldbodgade, Dk-1253 Copenhagen k,
Teletac 45 33 93 1184
by authority of The Baltic and International Maritime Council
(BIMCO), Copenhagen.

AS AGENTS BY AND ON BEHALF OF
MASTER OF MV BRAVE JOHN

上 海 瀚 翎 国 际 物 流 有 限 公 司
SHANGHAI HI-LINKS INTERNATIONAL LOGISTICS CO.,LTD.
WUXI HUAGG PRECISE STEEL PIPE CO.,LTD.
YUXI, WIAI, JIANGSU, P. R. CHINA
TE:+86-510-3897771 FAX:+86-510-3889771

收 货 单
MATE'S RECEIPT

| 托运人<br>Shipper : | | | | |
|---|---|---|---|---|
| 船名<br>Name of Vessel : BRAVE JOHN | | | 航次<br>Voyage: 7111 | |
| 编号<br>D/R NO.: BRJSHA004 | | | 目的港<br>Port of Destination: LA SPEZIA, ITALY | |

| 标记及号码<br>Marks & Nos . | 件 数<br>Quantity | 货 名<br>Description of Goods | 重量公斤<br>Weight Kilos | |
|---|---|---|---|---|
| | | | 净重<br>Net Weight | 毛重<br>Gross Weight |
| N/M | 1076<br>BUNDLES | HOLLOW SECTIONS | | 1522,384MT |
| | | SAY ONE THOUSAND SEVENTY SIX BUNDLES | 尺码<br>Measurement | |

五、状货联

总计件数（大写）：
Total Number of Packages in Words

运费付款方式：(Payment)

兹转上述完好状况之货物装船后希否签收货单
Receive on board the abovementioned goods apparent in good order and condition, sign the accompanying
receipt for the same

| 日期<br>Date 08-20, 2007 | | | 时间<br>Time | |
|---|---|---|---|---|
| 装入何舱<br>Stowed 1Hh=538. 2Hh=22 5Hh=516 | | | | |
| 收 数<br>Received 1076 BULES | | | | |
| 理货员签名<br>Tallied By | | | 大副签名<br>Chief Officer | |

| 通知人<br>Notify Party: | |
|---|---|
| | |

| 收货人<br>Consignee | |
|---|---|
| | |

N. 5 YULONG RD. YUQI,

WUXI JIANGSU 214183 P. R. CHINA

Reference No.

**Consignee**

TO THE ORDER

**Notify address**

ARO STEEL SRL

VIA CAVOUR, 39

43100 PARMA ITALY

**Vessel** BRAVE JOHN V. 7T11    **Port of loading** SHANGHAI PORT CHINA

**Port of discharge** LA SPEZIA, ITALY

ORIGINAL

| Shipper's description of goods | | Gross weight |
|---|---|---|
| N/M    1076 BUNDLES | PRIME QUALITY NEWLY PRODUCED SELF COULOUR (BLACK) SQUARE AND RECTANGULAR COLD FINISHED HOLLOW SECTIONS IN QUALITY S355J2H AND S235JR COMPLYING WITH THE EUROPEAN STANDARD SPECIFICATIONS EN 10219 ORIGIN OF THE GOODS CHINA CLEAN ON BOARD. | 2529. 384MT |

22 AUG 2007

SAY ONE THOUSAND SEVENTY SIX BUNDLES ONLY.    FREIGHT PAYABLE AT DESTINATION

(Of which ...................... on deck at Shipper's risk; the Carrier not being responsible for loss or damage howsoever arising)

**Freight payable as per CHARTER-PARTY dated** ..........................

**FREIGHT ADVANCE. Received on account of freight:** ..................

**Time used for loading** ................... **days** ................... **hours.**

**SHIPPED** at the Port of loading in apparent good order and condition on board the Vessel for carriage to the port of Discharge or so near thereto as she may safely get the goods specified above.

Weight, measure, quality, quantity, condition, contents and value Unknown.

IN WITNESS where of the Master or Agent of the said Vessel has signed the number of Bills of Lading indicated below all of this tenor and date, any one of which being accomplished the others shall be void.

FOR CONDITIONS OF CARRIAGE SEE OVERLEAF

| **Freight payable at** | **Place and date of issue** SHANGHAI |
|---|---|
| **Number of original Bs/L** THREE | **Signature** 上海远东环球国际船舶代理有限公司 SHANGHAI FAREAST INTERNATIONAL SHIPPING AGENCY CO., LTD 22 AUG 2007 GENERAL MANAGER |

Printed and sold by
Fr. G. Knudtzons Bogtrykkeri A/S, 55 Toldbodgade, Dk-1253 Copenhagen k,
Teletac 45 33 93 1184
by authority of The Baltic and International Maritime Council
(BIMCO), Copenhagen.

AS AGENTS BY AND ON BEHALF OF MASTER OF MV BRAVE JOHN

上 海 瀚 翎 国 际 物 流 有 限 公 司
**SHANGHAI HI-LINKS INTERNATIONAL LOGISTICS CO.,LTD.**

收 货 单
**MATE'S RECEIPT**

| | | | | |
|---|---|---|---|---|
| 托运人 Shipper: | | | | |
| 船 名 Name of Vessel: | GRACE BIRD | 航 次 Voyage: | 7H3 | |
| 编 号 D/R NO.: | | 目 的 港 Port of Destination: | LA SPEZIA, ITALY | |

| 标记及号码 Marks & Nos. | 件 数 Quantity | 货 名 Description of Goods | 重量公斤 Weight Kilos | |
|---|---|---|---|---|
| | | | 净重 Net Weight | 毛重 Gross Weight |
| N.M. | 139 PACKAGES | HOLLOW SECTIONS | | 314 94387 |

五、
收
货
联

尺 码 Measurement

运费付款方式 (Payment)
FREIGHT COLLECT

SAY ONE HUNDRED AND THIRTY NINE PACKAGES

总 计 件 数（大 写）：
**Total Number of Packages in Words**

兹将上述完好状况之货物装船后签署收货单
Receive on board the abovementioned goods apparent in good order and condition, sign the accompanying
receipt for the same

| | | |
|---|---|---|
| 日期 Date | 08-21-2007 | 时间 Time |
| 装入何舱 Stowed | 24U | |
| 实 收 Received | 139 PKGS | |
| 理货员签名 Tallied By | | 大副签名 Chief Officer |

| | |
|---|---|
| 通知人 Notify Party: | |
| 收货人 Consignee: | |

N. 5 YULONG RD. YUQI,
WUXI JIANGSU 214183 P.R.CHINA

Reference No.

**Consignee**

TO THE ORDER

**Notify address**

ARO STEEL SRL
VIA CAVOUR, 39
43100 PARMA ITALY

**Vessel** BRAVE JOHN V. 7T11    **Port of loading** SHANGHAI PORT, CHINA

**Port of discharge** LA SPEZIA, ITALY

ORIGINAL

| **Shipper's description of goods** | | **Gross weight** |
|---|---|---|
| N/M | 139 BUNDLES | PRIME QUALITY NEWLY PRODUCED SELF COULOUR (BLACK) SQUARE AND RECTANGULAR COLD FINISHED HOLLOW SECTIONS IN QUALITY S355J2H AND S235JR COMPLYING WITH THE EUROPEAN STANDARD SPECIFICATIONS EN 10219 ORIGIN OF THE GOODS CHINA CLEAN ON BOARD — 314.943MT |

SHIPPED 22 AUG 2007

SAY: ONE HUNDRED AND THIRTY NINE BUNDLES ONLY

FREIGHT PAYABLE AT DESTINATION

(Of which ................ on deck at Shipper's risk; the Carrier not being responsible for loss or damage howsoever arising)

Freight payable as per CHARTER-PARTY dated.................................

FREIGHT ADVANCE.
Received on account of freight.................

Time used for loading ...................days ...................hours.

**SHIPPED** at the Port of loading in apparent good order and condition on board the Vessel for carriage to the port of Discharge or so near thereto as she may safely get the goods specified above.
Weight, measure, quality, quantity, condition, contents and value Unknown.
IN WITNESS where of the Master or Agent of the said Vessel has signed the number of Bills of Lading indicated below all of this tenor and date, any one of which being accomplished the others shall be void.

FOR CONDITIONS OF CARRIAGE SEE OVERLEAF

| **Freight payable at** | **Place and date of issue** |
|---|---|
| | SHANGHAI |
| **Number of original Bs/L** | **Signature** |
| THREE | 上海远东环球国际船舶代理有限公司 SHANGHAI FAREAST INTERNATIONAL SHIPPING AGENCY CO. LTD. |

22 AUG 2007

GENERAL MANAGER

AS AGENTS BY AND ON BEHALF OF
MASTER OF MV BRAVE JOHN

Printed and sold by
Fr. G. Knudzons Bogtrykkeri A/S, 55 Toldbodgade, Dk-1253 Copenhagen k.
Teletac 45 33 93 1184
by authority of The Baltic and International Maritime Council (BIMCO), Copenhagen.

海运出口托运单

盛世物流

VICTORY LOGISTICS

收 货 单
MATE'S RECEIPT

托运人
Shipper   WIAI INT'L TRADE DEVELOPING CO., LTD.

编号
No.   CJ3U213

船名
S/S   GRAVE JOHN V.7711

目的港
For   LA SPEZIA

TEL:021-63075522 ATTN: 陈伊丽
021-63830816 ATTN: 蒋慧敏
FAX:021-63078886
021-63079986

下开完好状况之货物业已收妥无损
Received on board the following goods apparent in good order and conditions

| 标记及号码 Marks & Nos. | 件数 Quantity | 货 名 Description of Goods | 重量公斤 Weight Kilos | |
|---|---|---|---|---|
| | | | 净 Net | 毛 Gross |
| N/P | 703PKGS | TUBES FOR THE STRUCTURES | | |

总 计 件 数 (大 写)
Total Number of Packages in Writing

日期
Date   08-02-2007

时间
Time

装入何舱
Stowed   NO3 HOLD

收 到
Received   703 PKGS

MASTER REMARK:
CARGO CONDITION AS PER
ATTACHED P-I CLUB SURVEYOR
REPORT

理货员签名
Tallied By

大 副
Chief Officer

海运出口托运单 VICTORY LOGISTICS

盛世物流
收货单
MATE'S RECEIPT

托运人 Shipper: BUX PORT E TRADE DEVELOPMENT CO., LTD.

编号 No.: BRJSBA020     船名 S/S: BRAVE JOHN V.7F11

目的港 For: LA SPEZIA

TEL:021-63075522 ATTN: 陈伊聪
021-63830616 ATTN: 毛慧敏
FAX:021-63078866
021-63079966

下开完好状况之货物业已收妥无损
Received on board the following goods apparent in good order and condition:

| 标记及号码 Marks & Nos. | 件数 Quantity | 货名 Description of Goods | 重量公斤 Weight Kilos | |
|---|---|---|---|---|
| | | | 净 Net | 毛 Gross |
| N.M | 97PKGS | TUBES FOR THE STRUCTURES | | 1360.00KGS |
| | | | | SAID TO COLLECT |

共计件数(大写)
Total Number of Packages in Writing

日期 Date: 08-20, 2007    时间 Time:

装入舱位 Stowed: NO.3 HOLD

货收 Received: 97 PGU

理货员签名 Tallied By: 六文英     大副 Chief Officer

MASTER REMARK: CARGO CONDITION AS PER ATTACHED P&I SURVEYOR REPORT

M.V BRAVE JOHN VALLETTA

1802, B-BUILDING, HUIJIN PLAZA,
NO. 198, ZHONGSHAN ROAD, WUXI, CHINA
TEL: (86) 510-82717360 FAX: (86) 510-82752846

Reference No.

**Consignee**

TO THE ORDER

**Notify address / Notify**

ARO STEEL SRL
VIA CAVOUR,39 43100-PARME ITALIA
TEL:+39 0521 391411 FAX:+39 0521 285747

| Vessel | Port of loading |
|---|---|
| BRAVE JOHN V. 7T11 | SHANGHAI |

Port of discharge

**ORIGINAL**

Shipper's description of goods/ merchandise                Weight/ Volume

800PACKAGES                1850783.6KGS     1499.83CBM

N/M

(TUBES FOR THE STRUCTURES) PRIME QUALITY NEWLY PRODUCED SELF
COLOUR(BLACK) SQUARE AND RECTANGULAR COLD FINISHED HOLLOW SECTIONS IN
QUALITY S355J2H COMPLYING WITH THE EUROPEAN STANDARD SPECIFICATION EN
10219 TOTAL QUANTITY APPROX 2190 METRIC TONNES TOLERANCE ON
LENGHT:+100MM/-0 TOLERANCE ON UNIT QUANTITIES:+20PCT/-10PCT
TOLERANCE ON TOTAL QUANTITY:+5PCT/-5PCT TOTAL AMOUNT USD 1202,
022.00+05PCT/-05PCT AS PER BUYER'S ORDER NR.03/01 DATED JANUARY
12TH,2007 AND SALES CONTRACT DATED JANNARY 12TH,2007 TERMS OF
DELIVERY:FOB SHANGHAI PORT(INCOTERMS 2000)

**ON BOARD**

**2 2 AUG 2007**

FREIGHT COLLECT

SAY EIGHT HUNDRED PACKAGES ONLY

(of which none on deck at Shipper's risk; the Carrier not being responsible for loss or damage howsoever arising)

Freight payable as per
CHARTER PARTY dated

FREIGHT ADVANCE.
Received on account of freight:

Time used for loading          days          hours.

**SHIPPED** at the Port of Loading in apparent good order and
condition on board the Vessel for carriage to the Port
of Discharge or so near thereto as she may safely get the goods
specified above.
Weight, measure, quality, condition, contents and value unknown.
IN WITNESS whereof the Master or Agent of the said Vessel has
signed the number of Bills of Lading indicated below all of this tenor
and date, any one of which being accomplished the others shall be
void.

FOR CONDITIONS OF CARRIAGE SEE OVERLEAF

| Freight payable at | Place and date of issue SHANGHAI |
|---|---|
| Number of original Bs/L THREE | Signature FOR AND ON BEHALF OF THE MASTER THE MASTER OF BRAVE JOHN |

上海远东环球国际船舶代理有限公司
SHANGHAI FAREAST INTERNATIONAL SHIPPING

**2 2 AUG 2007**
GENERAL MANAGER

```
        0 • c

   162 • +
   223 • +
   174 • +
   146 • +
   239 • +
   173 • +
   198 • +
   141 • +
          =
1,456 • 00 *
```

上海瀚翎国际物流有限公司
SHANGHAI HI-LINKS INTERNATIONAL LOGISTICS CO.,LTD.
WUXI WEI AO PRECISE STEEL PIPE CO.,LTD.
WUXI, WUXI, JIANGSU, P. R. CHINA
TE:+86-510-3897771 FAX +86-510-3589771

收 货 单
MATE'S RECEIPT

托运人
Shipper:

船 名
Name of Vessel: PRAVE JOHN

航 次
Voyage: 7711

编 号
D/R NO.: CRYSHA021

目 的 港
Port of Destination: LA SPEZIA, ITALY

| 标记及号码 Marks & Nos. | 件 数 Quantity | 货 名 Description of Goods | 毛重公斤 Weight Kilos | |
|---|---|---|---|---|
| | | | 净重 Net Weight | 毛重 Gross Weight |
| N/M | 160 BUNDLES | HOLLOW SECTIONS | | 630,743MT |

尺 码
Measurement

SAY ONE HUNDRED AND SIXTY IN BUNDLES

共计件数（大写）：
Total Number of Packages in Words

运费付款方式 (Payment)

五、收货联

兹将上述完好状况之货物装船后而签署收货单
Receive on board the abovementioned goods apparent in good order and condition, sign the accompanying receipt for the same

日期
Date

时间
Time

装入何舱
Stowed

实 收
Received

理货员签名
Tallied By

大副签名
Chief Officer

通 知 人
Notify Party:

收 货 人
Consignee:

上 海 瀚 翔 国 -际 物 流 有 限 公 司
SHANGHAI HI-LINKS INTERNATIONAL LOGISTICS CO.,LTD.

WUXI YULONG PRECISE STEEL PIPE CO., LTD.
YUQI, WUXI, JIANGSU, P.R. CHINA
TE.:+86-510-3897771 FAX:+86-510-3889721

收 货 单
MATE'S RECEIPT

| 托运人 Shipper: | | | |
|---|---|---|---|
| 船 名 Name of Vessel: | BRAVE JOHN | 航 次 Voyage: | 7I11 |
| 编 号 D/R NO.: | ERJSH0012 | 目 的 港 Port of Destination: | LA SPEZIA, ITALY |

| 标记及号码 Marks & Nos. | 件 数 Quantity | 货 名 Description of Goods | 重 量 公 斤 Weight Kilos | |
|---|---|---|---|---|
| | | | 净 重 Net Weight | 毛 重 Gross Weight |
| N/M | 223 BUNDLES | HOLLOW SECTIONS | | 302.054MT |
| | SAY: ONE HUNDRED AND TWENTY THREE BUNDLES | | 呎 码 Measurement | |

五、收货联

| 共计件数（大写）: Total Number of Packages in Words | | 运费付款方式 (Payment) FREIGHT COLLECT |
|---|---|---|

按将上述完好状况之货物装船后签署收货单
Receive on board the abovementioned goods apparent in good order and condition, sign the accompanying receipt for the same

| 日期 Date | | 时间 Time | MASTER REMARK |
|---|---|---|---|
| 装入何舱 Stowed | | | |
| 实 收 Received | | | |
| 理货员签名 Tallied By | | 大副签名 Chief Officer | |

通知人
Notify Party:

收货人
Consignee:

年 月 日

上 海 瀚 翎 国 际 物 流 有 限 公 司
**SHANGHAI HI-LINKS INTERNATIONAL LOGISTICS CO.,LTD.**

WUXI WUJONG PRECISE STEEL PIPE Co.,LTD.
WUXI, WEST JIANGSU P.R.CHINA
TEL: +86-510-389977.1 FAX:+86-510-389977.1

收 货 单
**MATE'S RECEIPT**

托运人
**Shipper**: _____

船 名
**Name of Vessel**: BRAVE JOHN

航 次
**Voyage**: 7744

编 号
**D/R NO.**: ERJGHAU13

目 的 港
**Port of Destination**: LA SPEZIA ITALY

| 标记及号码<br>Marks & Nos. | 件 数<br>Quantity | 货 名<br>Description of Goods | 重量公斤<br>Weight Kilos | |
| --- | --- | --- | --- | --- |
| | | | 净 重<br>Net Weight | 毛 重<br>Gross Weight |
| N.M | 174<br>BUNDLES | HOLLOW SECTIONS | | 581.060MT |
| | | | 状 码<br>Measurement | |
| | | SAY ONE HUNDRED AND SEVENTY FOUR BUNDLES | | |

共计件数（大写）
**Total Number of Packages in Words**

运费付款方式 (Payment)
FREIGHT COLLECT

五收货联

兹将上述完好状况之货物装船后寄交本收货单
Receive on board the abovementioned goods apparent in good order and condition, sign the accompanying receipt for the same

日期
**Date**: 06.21.2007

时间
**Time**: _____

装入何舱
**Stowed**: NO 1 HOLD

实 收
**Received**: 174 PCS

理货员签名
**Tallied By**: _____

大副签字
**Chief Officer**: _____

通知人
**Notify Party**: _____

收货人
**Consignee**: _____

上 海 瀚 翎 · 国 际 物 流 有 限 公 司
SHANGHAI HI-LINKS INTERNATIONAL LOGISTICS CO.,LTD.
WUXI YULONG PRECISE STEEL PIPE CO., LTD.
WUXI, WUXI, JIANGSU, P. R. CHINA
TEL:86-510-3890771 FAX:-86-510-3889571

收 货 单
MATE'S RECEIPT

| 托运人 Shipper: | | | | | |
|---|---|---|---|---|---|
| 船 名 Name of Vessel: | BRAVE JOHN | | 航 次 Voyage: | 7111 | |
| 编 号 D/R NO.: | ERJSHA024 | | 目 的 港 Port of Destination: | LA SPEZIA, ITALY | |

| 标记及号码 Marks & Nos. | 件 数 Quantity | 货 名 Description of Goods | 重 量 公 斤 Weight Kilos | |
|---|---|---|---|---|
| | | | 净 重 Net Weight | 毛 重 Gross Weight |
| N.M | 146 BUNDLES | HOLLOW SECTIONS | | 353.023MT |

SAY ONE HUNDRED AND FORTY SIX BUNDLES
共 计 件 数 (大 写)
Total Number of Packages in Words

吨 码 Measurement

运费付款方式 (Payment)
FREIGHT COLLECT

应将上述完好状况之货物装船后签署收货单
Receive on board the abovementioned goods apparent in good order and condition, sign the accompanying
receipt for the same

| 日 期 Date | | 时 间 Time | |
|---|---|---|---|
| 装入何舱 Stowed | | | |
| 实 收 Received | | | |
| 理货员签名 Tallied By | | 大副签名 Chief Officer | |

通 知 人
Notify Party:

收 货 人
Consignee:

上 海 瀚 翎 国 际 物 流 有 限 公 司
SHANGHAI HI-LINKS INTERNATIONAL LOGISTICS CO.,LTD.

WUXI YULONG PRECISE STEEL PIPE CO.,LTD.
YUQI WUXI, JIANGSU, P. R. CHINA
TEL:+86-510-3889771  FAX: +86-510-3889771

收 货 单
MATE'S RECEIPT

| 托运人<br>Shipper: | | | | |
|---|---|---|---|---|
| 船名<br>Name of Vessel: | PRIME JOHN | | 航次<br>Voyage: | 71H |
| 编号<br>D/R NO.: | BXJSH4025 | | 目的港<br>Port of Destination: | LA SPEZIA, ITALY |

| 标记及号码<br>Marks & Nos. | 件数<br>Quantity | 货名<br>Description of Goods | 重量公斤<br>Weight Kilos | |
|---|---|---|---|---|
| | | | 净重<br>Net Weight | 毛重<br>Gross Weight |
| N/M | 239<br>BUNDLES | HOLLOW SECTIONS | | 436,732KG |

状况<br>Measurement

送货付款方式 (Payment)<br>FREIGHT COLLECT

SAY 239 BUNDLES AND THIRTY NINE BUNDLES

集计件数（大写）：<br>Total Number of Packages in Words

兹将上述之货物况之货物装船后请签署收货单<br>Receive on board the abovementioned goods apparent in good order and condition, sign the accompanying receipt for the same

| 日期<br>Date | | 时间<br>Time | |
|---|---|---|---|
| 装入何舱<br>Stowed | | | |
| 实收<br>Received | | | |
| 理货员签名<br>Tallied By | | 大副签名<br>Chief Officer | |

通知人<br>Notify Party:

收货人<br>Consignee:

上 海 瀚 翎 国 际 物 流 有 限 公 司
SHANGHAI HI-LINKS INTERNATIONAL LOGISTICS CO.,LTD.

收 货 单
MATE'S RECEIPT

托运人
Shipper: _____

船 名                                              航 次
Name of Vessel: _____    Voyage: _____

编 号                                              目 的 港
D/R NO.: _____    Port of Destination: _____

| 标记及号码<br>Marks & Nos. | 件 数<br>Quantity | 货 名<br>Description of Goods | 重量公斤 Weight Kilos | |
|---|---|---|---|---|
| | | | 净 重<br>Net Weight | 毛 重<br>Gross Weight |
| | | | | |

收 码
Measurement

运货付款方式 (Payment)

共计件数（大写）:
Total Number of Packages in Words

兹将上述完好状况之货物装船后寄签署收货单
Receive on board the abovementioned goods apparent in good order and condition, sign the accompanying
receipt for the same

日期                                              时间
Date _____    Time _____

装入船舱
Stowed _____

收 到
Received _____

理货员签名                                        大副签名
Tallied By _____    Chief Officer _____

通知人
Notify Party

收货人
Consignee

上 海 瀚 翎 国 际 物 流 有 限 公 司
SHANGHAI HI-LINKS INTERNATIONAL LOGISTICS CO.,LTD.

SAI HONG PRECISE STEEL PIPE CO. LTD.
PXI, WEIL JIANGSU, P. R. CHINA
TE: +86-510-3507771 FAX: +86-510-3688771

收 货 单
MATE'S RECEIPT

| 批运人<br>Shipper: | | | |
|---|---|---|---|
| 船名<br>Name of Vessel: | BRAVE JOHN | 航次<br>Voyage: | |
| 编号<br>D/R NO.: | BRJSH3627 | 目的港<br>Port of Destination: | |

| 标记及号码<br>Marks & Nos. | 件 数<br>Quantity | 货 名<br>Description of Goods | 重 量 公 斤<br>Weight Kilos | |
|---|---|---|---|---|
| | | | 净重<br>Net Weight | 毛重<br>Gross Weight |
| | 198<br>BUNDLES | HOLLOW SECTIONS | | 743 900MT |
| | | | 尺码<br>Measurement | |
| | | SAY ONE HUNDRED AND NIGHTY EIGHT BUNDLES ON | 以费付款方式 (Payment) | |

共计件数（大写）：
Total Number of Packages in Words

兹将上列完好状况之货物装船后签署收货单
Receive on board the abovementioned goods apparent in good order and condition, sign the accompanying
receipt for the same

| 日期<br>Date | | 时间<br>Time | |
|---|---|---|---|
| 装入何舱<br>Stowed | | | |
| 实 收<br>Received | | | |
| 理货员签名<br>Tallied By | | 大副签名<br>Chief Officer | |

| 通知人<br>Notify Party | |
|---|---|
| 收货人<br>Consignee: | |

上海瀚翔国际物流有限公司
SHANGHAI HI-LINKS INTERNATIONAL LOGISTICS CO.,LTD.

WUXI YIBANG PRECISE STEEL PIPE CO.,LTD
WUXI, WUXI, JIANGSU, P.R.CHINA
TEL: 86-510-85897711 FAX:+86-510-85897711

收货单
MATE'S RECEIPT

| | | |
|---|---|---|
| 托运人<br>Shipper: | | |
| 船 名<br>Name of Vessel: | GRAVE JOSS | 航 次<br>Voyage: 7141 |
| 编 号<br>D/R NO.: | BHISH0028 | 目 的 港<br>Port of Destination: LA SPEZIA (ITALY) |

| 标记及号码<br>Marks & Nos. | 件 数<br>Quantity | 货 名<br>Description of Goods | 重量公斤<br>Weight Kilos | |
|---|---|---|---|---|
| | | | 净 重<br>Net Weight | 毛 重<br>Gross Weight |
| N/M | 141<br>BUNDLES | H-LOW SECTION | | 293.227MT |
| | | SAY ONE HUNDRED AND FORTY ONE BUNDLES | 尺 码<br>Measurement | |
| 共 计 件 数（大 写）：<br>Total Number of Packages in Words | | | 运费付款方式 (Payment) | |

密将上述完好状况之货物装船后请签署收货单
Receive on board the abovementioned goods apparent in good order and condition, sign the accompanying
receipt for the same

| | |
|---|---|
| 日期<br>Date | 时间<br>Time |
| 装入舱位<br>Stowed | |
| 实 收<br>Received | |
| 理货员签名<br>Tallied by | 大副签名<br>Chief Officer |

通知人
Notify Party

收货人
Consignee

N. 5 TULONG RD. YUQI,
WUXI JIANGSU 214183 P.R.CHINA

Consignee

TO THE ORDER

Notify address

ARO STEEL SRL
VIA CAVOUR, 39
43100 PARMA ITALY

Vessel    Port of loading

BRAVE JOHN V. 7T11    SHANGHAI PORT, CHINA

Port of discharge

LA SPEZIA, ITALY

**ORIGINAL**

| Shipper's description of goods | Gross weight |
|---|---|
| N/M      1456 BUNDLES    PRIME QUALITY NEWLY PRODUCED SELF COULOUR (BLACK) SQUARE AND RECTANGULAR COLD FINISHED HOLLOW SECTIONS IN QUALITY S355J2H AND S235JR COMPLYING WITH THE EUROPEAN STANDARD SPECIFICATIONS EN 10219 ORIGIN OF THE GOODS CHINA CLEAN ON BOARD 2 2 AUG 2007 | 3434.019MT |

SAY ONE THOUSAND FOUR HUNDRED AND FIFTY SIX BUNDLES ONLY.    FREIGHT PAYABLE AT DESTINATION

(Of which ............................ on deck at Shipper's risk; the Carrier not being responsible for loss or damage howsoever arising)

Freight payable as per
CHARTER PARTY dated.................................

FREIGHT ADVANCE.
Received on account of freight:.................

Time used for loading ..................days ...............hours.

**SHIPPED** at the Port of loading in apparent good order and condition on board the Vessel for carriage to the port of Discharge or so near thereto as she may safely get the goods specified above.

Weight, measure, quality, quantity, condition, contents and value Unknown.

IN WITNESS where of the Master or Agent of the said Vessel has signed the number of Bills of Lading indicated below all of this tenor and date, any one of which being accomplished the others shall be void.

FOR CONDITIONS OF CARRIAGE SEE OVERLEAF

| Freight payable at | Place and date of issue SHANGHAI |
|---|---|
| Number of original Bs/L THREE | Signature 上海远东环球国际船舶代理有限公司 SHANGHAI FAREAST INTERNATIONAL SHIPPING AGENCY CO., LTD. 2 2 AUG 2007 GENERAL MANAGER |

Printed and sold by
Fr. G. Knudzons Bogtrykkeri A/S, 55 Toldbodgade, Dk-1253 Copennagen k.
Teletac 45 33 93 1184
by authority of The Baltic and International Maritime Council
(BIMCO), Copenhagen.

AS AGENTS BY AND ON BEHALF OF
MASTER OF MV BRAVE JOHN